Parthenia **WILLIFORD**, individually and by her, her minor children Anton Williford, Aurelia Williford and Terence Williford, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Alfred J. **LAUPHEIMER** et al.,

Civ. A. No. 69–1803.

United States District Court, E. D. Pennsylvania.

Oct. 8, 1969.

Jonathan M. Stein, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Joseph P. Work, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

Before ALDISERT, Circuit Judge, and DAVIS and HANNUM, District Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This class action brought on behalf of gainfully employed welfare recipients in the Commonwealth of Pennsylvania challenges the validity of Regulation 3234.31 of the state's plan for public assistance. The regulation was promulgated by the Pennsylvania Department of Public Welfare on July 1, 1969, in conjunction with the state's continuing participation in the federally-funded Aid to Families with Dependent Children (AFDC) program established by the Social Security Act of 1935, 42 U.S.C.A. § 601 et seq.

Regulation 3234.31 provides in pertinent part that a maximum deduction of fifty dollars will be allowed for work-related expenses in computing the AFDC recipient's monthly income and corresponding public welfare allowance. Plaintiffs contend that the imposition of this maximum deduction is in violation of both the equal protection clause of the fourteenth amendment and Section 602(a) (7) of the Social Security Act. Following the filing of the appropriate pleadings, in which the Commonwealth conceded the factual allegations of the complaint, plaintiffs moved for summary judgment on their request for declaratory and injunctive relief.

We note initially that the jurisdiction of this court is properly invoked under Civil Rights Act, 28 U.S.C.A. § 1343(3) and (4) and 42 U.S.C.A. § 1983, thus dispensing any inquiry into what, if any, administrative remedies were pursued prior to commencement of suit. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). And because the complaint presents a sufficiently substantial attack upon the constitutionality of the Pennsylvania welfare regulation, the case is an appropriate one for the convening of a three-judge district court under 28 U.S.C.A. § 2281. The jurisdiction of the court having thus been conferred, and for reasons which will become apparent, we do not reach the constitutional issue, but base our decision instead on the incompatibility of the Pennsylvania regulation with the Social Security Act. King v. Smith, *supra*.

There is no question, as indeed the Commonwealth concedes, that although the states are not compelled to participate in federally funded programs such as AFDC, once they choose to do

so, they must comport their participation to both constitutional and federal standards. Consequently, to the extent that Congress has dictated the terms and conditions of AFDC payments, the states are required to administer the program accordingly. King v. Smith, *supra*; Ivanhoe Irrigation District v. McCracken, 357 U.S. 275, 78 S.Ct. 1174, 2 L.Ed.2d 1313 (1958); Oklahoma v. U. S. Civil Service Comm., 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947).

Section 602(a) (7) of the Social Security Act provides that in determining the need for public assistance, a state plan shall take into consideration "any expenses reasonably attributable to the earning of any such income." In its task of administering and coordinating the operation of the AFDC program, the Department of Health, Education and Welfare has clearly indicated its interpretation of this provision as defining the "income" of a working welfare recipient as "only such income as is actually available for current use on a regular basis", and that the states must not consider "income equal to expenses reasonably attributable to the earning of income." 34 Fed.Reg. 1394, Title 45, Ch. II, C.F.R. §§ 233.20(a) (3) (ii), (c) and (iv) (a).

Significantly, prior to the adoption of Regulation 3241.31, the determination of public assistance payments in the Commonwealth had been calculated on this "net income" basis. For example, plaintiff Williford's monthly salary of $227.30 had been reduced to a net figure of $106.90 by deducting the $120.40 expended for child-care and transportation costs. The AFDC payment was then calculated on the basis of monthly earnings of $106.90. Subsequent to the effective date of Regulation 3241.31, however, plaintiff was informed that only fifty dollars of her admittedly legitimate $120.40 in expenses would be allowed as a deduction.

We think it obvious that the fifty dollar limitation on income deductions is inconsistent with the express provisions of the Social Security Act. The imposition of such a maximum deduction violates the clear Congressional directive that the states shall allow deductions for "any expenses reasonably attributable to the earning of any such income." The Commonwealth makes no claim that this limitation is inspired by any considerations other than an attempt to preserve and protect its coffers. And although we may sympathize with the state's attempt to alleviate the unquestionably and increasingly heavy burden of programs such as AFDC, the solution of such problems resides in Congress. To date, it has not seen fit to impose any limitation of work-related income deductions; the states are not free to do otherwise.

Accordingly, the plaintiff's motion for summary judgment will be granted. The parties may submit an appropriate order.