ENGELMAN, DIRECTOR, DIVISION OF PUBLIC
WELFARE, DEPT. OF INSTITUTIONS AND
AGENCIES, ET AL. *v.* AMOS ET AL.

No. 70–33.  Decided November 9, 1971

PER CURIAM.

The motion of appellee Amos for leave to proceed *in forma pauperis* is granted.

A three-judge District Court has enjoined New Jersey officials from enforcing a state regulation applicable to payments under the federally financed program for Aid to Families With Dependent Children, Title IV of the Social Security Act of 1935, 49 Stat. 627, as amended, 42 U. S. C. §§ 601–610.

The regulation in question, § 615 of the New Jersey Categorical Assistance Budget Manual, would deny AFDC benefits to the extent that a family's "total available adjusted income," calculated without deduction for the "income disregards" specified by § 402 (a)(8) of the federal Act, 42 U. S. C. § 602 (a)(8), exceeds a ceiling specified by the State.  The regulation is

challenged on the grounds (1) that it is in conflict with § 402 (a)(8), and (2) that it fails to provide that, in the calculation of earned family income which is to be compared with the § 615 ceiling, a stepfather's earnings are not to be taken into account unless they are "actually available" for the current use of the dependent child, 45 CFR § 233.20 (a)(3)(ii). It was also suggested in the proceedings below that § 615.5 of the state regulation conflicts with § 406 (b) of the federal Act, 42 U. S. C. § 606 (b), when it authorizes payments directly to vendors who provide goods or services to beneficiaries.

The District Court upheld the challenge on all three grounds. Judgment was entered enjoining the enforcement of § 615 "insofar as it violates the federal statute" and ordering that New Jersey "revise the regulation to conform to the federal statute." The state officials appeal.

The appellants and also the United States, in its *amicus curiae* brief, appropriately point out that there is nothing in the federal statute that prohibits a State from making vendor payments so long as they are made from state funds without federal matching. The statute, § 406, merely does not provide for reimbursement to the State for payments of that kind. We agree with these observations by the appellants and the *amicus,* and thus disagree with the District Court's conclusion with respect to direct payments insofar as those payments are made entirely with state funds not reimbursable under § 406 of the federal Act. With this limitation in the application of its general language, the judgment of the District Court is affirmed.