475 F.2d 731
 Ascension VIALPANDO for herself and her minor child, Sabrina
Vialpando, and both on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
Con F. SHEA, Individually and as Executive Director of the
Department of Social Services, State of Colorado,
et al., Defendants-Appellants.
 Nos. 72-1218, 72-1345.
 United States Court of Appeals,
Tenth Circuit.
 Argued Sept. 18, 1972.
Decided March 22, 1973.
 
 Charles B. Lennahan, Sp. Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., and Douglas D. Doane, Sp. Asst. Atty. Gen., Denver, Colo., with him on the brief), for defendants-appellants, except Melvin Pobanz.
 James W. Kin, El Paso County Legal Services Office, Colorado Springs, Colo. (Tom W. Armour, El Paso County Legal Services Office, Colorado Springs, Colo., and Kenneth Neiman, Steven J. Cole, and Henry A. Freedman, N.L.S.P., Center on Social Welfare Policy and Law, New York City, of counsel, with him on the brief), for plaintiff-appellee.
 Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.
 LEWIS, Chief Judge.
 
 
 1
 In its present posture, this is a private action brought by appellees, Colorado welfare recipients, against state officials administering the Colorado welfare program. The appeal is from a judgment requiring appellants to implement a modification of the Colorado Division of Public Welfare Manual, Sec. 4313.13 to comply with 42 U.S.C. Sec. 602(a)(7) in determining a family's need under the Aid to Families with Dependent Children (AFDC) program. No party raises any question concerning the nature of the relief granted below.
 
 
 2
 The AFDC program is financed largely by the federal government on a matching fund basis and is administered by the states. An AFDC grant is computed by comparing a family's income and resources to a standard of need statistically determined by the state. The family income used in this comparison is gross family income less certain exclusions mandated by 42 U.S.C. Sec. 602(a)(7), an employment expense provision, and 42 U.S.C. Sec. 602(a)(8), an income disregard provision. On July 1, 1970 the Colorado Board of Social Services promulgated section 4313.13 of the Colorado Division of Public Welfare Manual. This regulation limits employment expenses under 42 U.S.C. Sec. 602(a)(7) to a standardized $30.00 figure plus mandatory payroll deductions and child care expenses. The $30.00 standardized figure is an average based on a statistical survey and is meant to cover "employment expenses such as transportation, special clothing, union dues, special education or training costs, telephone, additional food or personal needs . . . ." The Colorado method of treating employment expenses embodied in section 4313.13 was approved by the Department of Health, Education and Welfare.
 
 
 3
 Prior to the effective date of section 4313.13, Colorado excluded from family income all expenses reasonably attributable to the earning of such income. The effect of the new regulation which allows only a standardized exclusion for employment expenses other than mandatory payroll deductions and child care expenses was to reduce appellees' excludible employment expenses to such an extent that their net income after the exclusions was greater than Colorado's standard of need. As a consequence, appellees were ineligible for AFDC grants and they initiated this action seeking damages and declaratory and injunctive relief. The district court held that the standardization of employment expenses in the new Colorado regulation did not comply with 42 U.S.C. Sec. 602(a)(7) and granted the relief sought.
 
 
 4
 42 U.S.C. Sec. 602(a)(7) requires that a state AFDC plan must "provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children . . . as well as any expenses reasonably attributable to the earning of any such income." (Emphasis added.) We interpret the words "any expenses" to mean all actual expenses. Thus 42 U.S.C. Sec. 602(a)(7) requires the states to consider all actual expenses reasonably attributable to the earning of income in determining need. See Amos v. Engelman, D.N.J., 333 F.Supp. 1109, 1119 (three-judge court), modified on other grounds, 404 U.S. 23, 92 S.Ct. 181, 30 L.Ed.2d 143. This interpretation is consistent with the congressional intent that the states should "take these [employment] expenses fully into account." S.Rep.No. 1589, 87 Cong., 2d Sess., 1962 U.S.Code Cong. & Admin.News, pp. 1943, 1960 (emphasis added). The use of a standardized employment expense exclusion does not take into consideration all actual expenses when a family's expenses exceed the standardized allowance. Cf. Amos v. Engelman, supra. In the instant case the appellees' actual employment expenses consistently exceeded the $30.00 standard exclusion. Consequently, Colorado's application of the standardized allowance in determining the appellees' needs does not comply with 42 U.S.C. Sec. 602(a)(7). Campagnuolo v. White, D.Conn., Civil No. 13968; Adams v. Parham, N.D.Ga., Civil No. 16041.
 
 
 5
 The appellants maintain that the words "take into consideration" in 42 U.S.C. Sec. 602(a)(7) sanction the use of a standardized employment expense exclusion in determining need in all cases. Their reasoning is that these words do not dictate a specified method for treating employment expenses and that the use of a standardized allowance is one acceptable way of taking into consideration expenses of employment. The phrase "take into consideration" is flexible and by itself does not require a particular treatment of employment expenses. However, when considered in the statutory framework of 42 U.S.C. Sec. 602(a)(7), these words assume a particular meaning. It should be noted that the phrase "take into consideration" modifies both "income" and "expenses". Consequently, Congress intended employment expenses to be treated in the same manner as income.[1] Since consideration of each family's income must necessarily be based on actual rather than average figures, expenses attributable to the earning of such income must be taken into consideration in the same manner.
 
 
 6
 Appellants also contend that the Supreme Court in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1057, 25 L.Ed.2d 353, approved the principle underlying the use of a standardized employment expense allowance. The Rosado case involved 42 U.S.C. Sec. 602(a)(23) and sanctioned the use of statistical averages in computing a standard of need to be applied in the states' administration of their AFDC programs.[2] The Supreme Court has continually stressed the states' "undisputed power" to determine this standard of need. King v. Smith, 392 U.S. 309, 334, 88 S.Ct. 2128, 20 L.Ed.2d 1118; Dandridge v. Williams, 397 U.S. 471, 478, 90 S.Ct. 1153, 25 L.Ed.2d 491. Congress itself did not encroach upon this undisputed power until the passage of 42 U.S.C. Sec. 602(a)(23) in 1967.[3] Nevertheless, 42 U.S.C. Sec. 602(a)(7) is indicative of congressional reluctance to give the states the same unfettered discretion to determine the needs of a particular family. Thus, Supreme Court approval of the use of statistical averages in determining the standard of need is not a mandate for judicial approval of such averaging in determining the needs of a particular family under 42 U.S.C. Sec. 602(a)(7). But see Amos v. Engelman, D.N.J., 333 F.Supp. 1109, 1119 (three-judge court), modified on other grounds, 404 U.S. 23, 92 S.Ct. 181, 30 L.Ed.2d 143.
 
 
 7
 Additionally, an understanding of the manner in which a state's standard of need and the computation of a particular family's available income and resources under 42 U.S.C. Sec. 602(a)(7) complement each other illustrates the incongruity of Colorado's standardized employment expenses allowance in the instant case. The standard of need is a dollar amount representing the costs of those items which a state has determined to be necessary to maintain a hyporhetical family at a subsistence level. Such an estimate by its nature is susceptible to computation through the use of statistical averages and it was thus fitting for the Supreme Court to approve the use of an averaging system in Rosado. A state must compare its standard of need to the income and resources actually available to the particular family in order to establish financial eligibility and the amount of an AFDC grant. 45 C.F.R. Sec. 233.20(a)(3)(ii)(a) and (c). 42 U.S.C. Sec. 602(a)(7) requires that the computation of income and resources available to the particular family must take into consideration any expenses reasonably attributable to the earning of income. To uniformly apply a standardized employment expense allowance rather than consider actual expenses in this computation would render meaningless the process of comparing a particular family's available income and resources with a hypothetical family's standard of need.
 
 
 8
 The problem with the Colorado system is not its use of a standardized allowance but the intransigent adherence to this standard when a particular family's expenses of employment exceed the allowance. In such cases, Colorado's standard allowance operates as a maximum allowance which we also consider to be inconsistent with 42 U.S.C. Sec. 602(a)(7). Williford v. Laupheimer, E.D.Pa., 311 F.Supp. 720 (three-judge court). Nevertheless, a reasonable interpretation of the statute permits "a state to use a standard deduction for [employment] expenses in the interest of efficient administration of the [AFDC] program, provided the allowance is adequate to cover all actual expenses." Amos v. Engelman, D.N.J., 333 F.Supp. 1109, 1119 (three-judge court), modified on other grounds, 404 U.S. 23, 92 S.Ct. 181, 30 L.Ed.2d 143. (Emphasis added.)
 
 
 9
 Our interpretation of 42 U.S.C. Sec. 602(a)(7) is consistent with the statutory history and the explicit congressional purpose of providing AFDC families with an incentive to seek employment. S.Rep.No. 1589, 87 Cong.2d Sess., 1962 U.S.Code Cong. & Admin.News, pp. 1943, 1960. Although appellants present numerous policy reasons for a different result, it is not within our realm to legislate social policy. Jefferson v. Hackney, 406 U.S. 535, 541, 92 S.Ct. 1724, 32 L.Ed.2d 285; Dandridge v. Williams, 397 U.S. 471, 487, 90 S.Ct. 1153, 25 L.Ed.2d 491; Rosado v. Wyman, 397 U.S. 397, 422, 90 S.Ct. 1057, 25 L.Ed.2d 353. One specific policy argument deserving comment even in the context of our limited role is the appellants' contention that our decision will compel states to consider unnecessary expenditures. Such fears should be allayed by the statute itself which requires that the subject expenses be reasonably attributable to the earning of income.
 
 
 10
 Appellants emphasize the approval of section 4313.13 of the Colorado Division of Public Welfare Manual by the Department of Health, Education and Welfare and maintain that this approval should be accorded substantial weight as a statutory interpretation by the department responsible for the administration of the Social Security Act. This principle, however, is inapplicable when a departmental interpretation is inconsistent with the controlling statute. Townsend v. Swank, 404 U.S. 282, 286, 92 S.Ct. 502, 30 L.Ed.2d 448. Equally without merit is appellants' contention that under 42 U.S.C. Sec. 604(a)(2) states need only substantially comply with federal statutory requirements. See Rosado v. Wyman, 397 U.S. 397, 408, 90 S.Ct. 1057, 25 L.Ed.2d 353; King v. Smith, 392 U.S. 309, 316-317, 88 S.Ct. 2128, 20 L.Ed.2d 1118. 42 U.S.C. Sec. 604(a)(2) provides an administrative procedure whereby the Secretary of Health, Education and Welfare may cease funding state programs in order to compel substantial compliance with federal statutory requirements. This statute is inapposite in suits by prospective recipients against state agencies responsible for the administration of the AFDC program.
 
 
 11
 Affirmed.
 
 
 
 [1]
 When considering the 1962 amendment which added the employment expense provision, Congress specifically recognized that "all income of recipients . . . is taken into account . . . in determining need." S.Rep.No.1589, 87 Cong., 2d Sess., 1962 U.S.Code Cong. & Admin.News, pp. 1943, 1959. (Emphasis added.) Thus Congress intended that all employment expenses also be considered. See 45 C.F.R. Sec. 233.20(a)(7)(i)
 
 
 [2]
 In Rosado the Court said: "We do not, of course, hold that New York may not, consistently with the federal statutes, consolidate items on the basis of statistical averages. . . . Providing all factors . . . are accounted for and fairly priced and providing the consolidation on a statistical basis reflects a fair averaging, a State may, of course, consistently with [42 U.S.C. Sec. 602(a)(23)] redefine its method for determining need. . . . New York is not foreclosed from a counting for basic and recurring items of need . . . by an averaging system." Rosado v. Wyman, 397 U.S. 397, 419-420, 90 S.Ct. 1207, 1221, 25 L.Ed.2d 442
 
 
 [3]
 42 U.S.C. Sec. 602(a)(23) required the states to adjust their standards of need by July 1, 1969 in order to reflect cost of living increases