**Fred ANDERSON, for himself and his minor children, et al., Appellants,**

v.

**Lawrence L. GRAHAM, Director of Public Welfare, Individually and in his official capacity, Appellee.**

**Nos. 73–1441, 73–1466.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1973.

Decided Dec. 20, 1973.

Rehearings Denied April 3, 1974.

Robert S. Catz, Legal Aid Society, Omaha, Neb., for appellants.

Richard K. Spencer, Lincoln, Neb., and E. D. Warnsholz, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT and MOORE *, Senior Circuit Judges, and WEBSTER, Circuit Judge.

* Leonard P. Moore, Senior Circuit Judge, Second Circuit, sitting by designation.

VAN OOSTERHOUT, Senior Circuit Judge.

This action is brought by plaintiff Fred Anderson, a Nebraska Aid for Dependent Children (AFDC) recipient for himself, his minor children, and all others similarly situated, against Lawrence L. Graham, Nebraska Director of Public Welfare, individually and in his official capacity. Plaintiff's attack is directed at the Nebraska $25.00 standard business expense allowance for employed AFDC recipients who have incurred employment-related expenses exceeding $25.00. Jurisdiction is based on 42 U.S.C. § 1983.

Plaintiff seeks to enjoin the application of the Nebraska standard business expense allowance as being in violation of 42 U.S.C. § 602(a)(7) and the regulations promulgated thereunder. Plaintiff also seeks retroactive payment of AFDC benefits based upon a consideration of all reasonable work-related expenses actually incurred.

The Nebraska plan determines net income by the following method:

A. Determine gross earned income;

B. Subtract $30.00, plus one-third of the remainder as work incentive disregard, pursuant to 42 U.S.C. § 602(a)(8);

C. Subtract state income tax, federal income tax, and social security tax withholding;

D. Subtract actual necessary child care costs;

E. Subtract a work expense standard of $25.00 per employed person.

The result of this computation is the net income of the welfare recipient used to determine eligibility and the amount of AFDC payments due if any. The only item included in the foregoing computation in dispute is item "E", the standard work expense allowance of $25.00 given to each employed recipient. The deduction is standard throughout

the State of Nebraska and includes the following categories:

1. Transportation to and from work and to and from a child care center or baby sitter;

2. union dues;

3. employee's fund, retirement, insurance, pensions, charity;

4. extra or special clothing, uniforms;

5. cost of materials, cosmetic supplies, booth rental;

6. cost of tools and equipment;

7. overhead business expenses;

8. licenses;

9. required contributions for employees benefits; and

10. special lunches while working.

This case was tried before Judge Urbom on motions for summary judgment filed by both parties. The record consists of pleadings, defendant's answer to plaintiff's request for admission of facts, plaintiff's answer to interrogatories affidavits and facts determined in an order based upon pretrial conference. Both parties state that there is no dispute as to material facts.

At a pretrial conference on November 24, 1972, counsel stipulated that the work-related expenses of the plaintiff Fred Anderson exceed $25.00 per month. Counsel agreed that the sole issue on the plaintiff's motion for a summary judgment is whether a state may standardize work-related expense in determining the amount of net income of employed AFDC recipients, without regard to the validity or the invalidity of any studies made by the state in formulating the standard.[1]

Anderson, an AFDC recipient, was employed at the Offutt Air Force Base. Prior to 1972 Anderson was receiving AFDC payments based upon his family's budgetary need. Anderson was a widower. His family consisted of four mi-

---

1. It was also understood at the pretrial conference that if plaintiff's motion for summary judgment is overruled, an evidentiary hearing would be held upon the validity of the method by which the State determined the amount of the standard deduction.

nor children, one of whom became eighteen years of age in 1972 and left home and became self-sustaining. On February 24, 1972, it was determined that the budgetary need no longer exceeded Anderson's income. Such determination was brought about by limiting Anderson's deductible work expense deduction to the standard $25.00 allowance. While some of Anderson's work-related expense items may be in dispute, defendant admits work-related expenses exceeded $25.00. It is undisputed that the following monthly work-related expenses were paid through payroll deductions:

| | |
|---|---|
| Retirement | — $40.41 |
| Union Dues | — 5.42 |
| Health and Disability Benefits | — 39.04 |
| Life Insurance | — 5.95 |

In addition, Anderson testified by deposition that he drives a distance of 350 to 400 miles per month to and from his work station and that the reasonable expense for such travel is ten cents per mile, and that he incurs expenses for uniforms and food purchases while at work. These categories are recognized as work expenses by HEW as specified in Handbook of Public Assistance Administration, § 3410.

Anderson in his deposition taken on December 22, 1972, testified that he employed his sister-in-law, Ruth B. Delsee, to care for his minor children at a cost of $100.00 per month. After defendant produced a certified copy of certificate showing marriage of Anderson and Ruth B. Delsee on the 26th of August, 1972, plaintiff filed a response admitting such marriage and further conceded that as a result of such change in circumstances, he became ineligible for future AFDC payments. Anderson states that he intends to proceed with this action for declaratory relief and retroactive benefits for himself and on behalf of the class he represents.

On December 13, 1972, Shirley Von Dorn filed motion to intervene as party plaintiff, stating that she was a member of the class represented by Anderson.

Such leave was granted by the trial court. Mrs. Von Dorn was an AFDC recipient who incurred work-related expenses exceeding $25.00 per month. The court permitted the action to proceed as a class action. No attack has been made upon such ruling.

A final judgment was filed on June 12, 1973, adjudicating as follows:

1. The standard $25.00 per month allowance for expenses reasonably attributable to the earning of income for welfare recipients, as set forth in the Plan and Manual of the Nebraska Department of Public Welfare, violates § 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7), insofar as the standard does not take into consideration all expenses reasonably attributable to the earning of income for those welfare recipients who may have expenses in excess of the $25.00 per month standard, and is declared void pursuant to 28 U.S.C. § 2201 and Rule 47 of the Federal Rules of Civil Procedure.

2. The defendant, Lawrence L. Graham, individually and in his official capacity, his officers, employees, agents and successors in office are restrained from failing to consider, in accordance with § 402(a)(7) of the Social Security Act, 42 U.S.C. § 602(a)(7), any and all expenses reasonably attributable to the earning of income in establishing financial eligibility and the amount of assistance payments of employed applicants and recipients of Aid to Families with Dependent Children (AFDC). Under this order, the defendant, his officers, employees, agents and successors in office are restrained from failing to consider, by reason of the $25.00 per month standard work-expense allowance, as contained in the Nebraska State Plan and Manual, any and all expenses reasonably attributable to the earning of income which are in excess of said $25.00 per month standard allowance or in any other way limiting the consideration of expenses

reasonbly attributable to the earning of income. Nothing herein shall preclude the defendant, his officers, employees, agents and successors, from using a $25.00 per month work-expense allowance as a standard deduction for work-related expenses (covering all such expenses, except child care, income tax withholding, and Social Security tax withholding, which expenses shall be considered separately), provided that employed AFDC applicants and recipients are informed of their right to have considered any and all expenses reasonably attributable to the earning of income which are in excess of the $25.00 per month standard allowance.

3. This judgment confers no right on the plaintiffs to retroactive payments.

A well-reasoned memorandum opinion was filed by Judge Urbom setting out the facts, the issues and the basis of decision.

Plaintiff has taken a timely appeal from paragraph "3" of the judgment which determines plaintiffs have no right to retroactive payment of AFDC payments wrongfully withheld. Defendant has cross-appealed from paragraphs "1" and "2" of the judgment invalidating the standard $25.00 work expense allowance with respect to welfare recipients who can establish work-related expenses in excess of $25.00 per month, and the portion of the judgment restraining the defendant from refusing to consider all expenses reasonably attributable to the earning of income and determining eligibility and amount of

assistance payments due employed applicants for AFDC payments.

We affirm on plaintiff's appeal and on defendant's cross-appeal for reasons hereinafter set out. The cross-appeal will be considered first as the retroactive issue only arises if we affirm on the cross-appeal.

*Defendant's Cross-Appeal.*

■ Plaintiff's contention, upheld by the trial court, is that defendant's action in limiting business expenses related to earnings to $25.00 in situations where such expense exceeds $25.00 [2] is a violation of 42 U.S.C. § 602(a)(7) which provides that states which participate in the AFDC program must have a plan which takes into consideration in determining a need the income of any child or relative claiming aid "as well as any expenses attributable to the earning of such income."

The judicial construction of § 602(a)(7) properly begins by looking at the text of the statute itself. United States v. Bass, 404 U.S. 336, 339, 92 S. Ct. 515, 30 L.Ed.2d 488 (1971). As stated by the Second Circuit in Connecticut State Department of Public Welfare v. Department of Health, Education, and Welfare, 448 F.2d 209, 216 (2d Cir. 1971), the statute clearly provides that all expense reasonably attributable to the earning of income must be excluded from the computation of available income in determining eligibility and need. Additionally the legislative history of the enactment of § 602(a)(7) fully supports the trial court's interpretation of the statute.[3]

2. We reiterate, as did the trial court, that the attack on the Nebraska standard earning expense allowance is limited to situations where AFDC applicants or recipients claim and prove expense attributable to earned income in excess of the $25.00 standard deduction. In many cases the standard deduction will be greater than actual work expense. Work expense incurred in earning income will necessarily vary greatly. One who has to travel a substantial distance to the scene of his employment will ordinarily incur far

more expense for transportation than one whose work station is within a few blocks of his home. One who must supply his own tools or provide a uniform will incur business-related expense not incurred by persons who do not have to provide such items.

3. In 1962 President Kennedy proposed changes in the public assistance program which stressed "service instead of support, rehabilitation instead of relief, and training for useful work instead of dependency." Hearings on H.R. 120032 before the House

Chief Judge Lewis of the Tenth Circuit in Vialpando v. Shea, 475 F.2d 731, 735 (10th Cir. 1973), in a well-reasoned opinion supported by persuasive authority, faces the same issue presently before us and thus interprets § 602(a)(7):

A state must compare its standard of need to the income and resources actually available to the particular family in order to establish financial eligibility and the amount of an AFDC grant. 45 C.F.R. § 233.20(a)(3)(ii)(a) and (c). 42 U.S.C. § 602(a)(7) requires that the computation of income and resources available to the particular family must take into consideration any expenses reasonably attributable to the earning of income. To uniformly apply a standarized employment expense allowance rather than consider actual expenses in this computation would render meaning-

less the process of comparing a particular family's available income and resources with a hypothetical family's standard of need.

The problem with the Colorado system is not its use of a standardized allowance but the intransigent adherence to this standard when a particular family's expenses of employment exceed the allowance. In such cases, Colorado's standard allowance operates as a maximum allowance which we also consider to be inconsistent with 42 U.S.C. § 602(a)(7). Williford v. Laupheimer, E.D.Pa., 311 F.Supp. 720 (three-judge court). Nevertheless, a reasonable interpretation of the statute permits "a state to use a standard deduction for [employment] expenses in the interest of efficient administration of the [AFDC] program, pro-

---

Ways and Means Committee, 87 Cong., 2d Sess. (February 1962), p. 2.

Secretary Ribicoff in a letter to the Speaker of the House stated, "To encourage assistance recipients to participate in the community work and training programs or take regular employment, full consideration of the additional expenses of employment would be required." Id. at p. 2.

He further states:

Under current Federal policy, while States are required to consider any income and resources (with certain exclusions in the case of Title X of the Social Security Act) in determining need, they are encouraged but not required to take into consideration expenses incurred in earning income. All public assistance titles of the act would be changed by the bill to require the consideration of necessary expenses that may reasonably be attributed to earning income. These changes would not become effective until July 1, 1962. [Id. at p. 28.]

In the hearings before the Senate Finance Committee, Secretary Ribicoff in response to a question from Senator Curtis stated:

* * * What we are trying to do, Senator Curtis, is do everything we can to encourage people to get a job and work and we feel it is important to encourage the States. By having this provision, the State will take into account these expenses so people will get jobs. I believe that the State should give them an allowance for those items that are necessary for them to get a job.

Hearings before the Committee on Finance, U.S.Senate, 87th Cong., 2d Sess. (May 1962) p. 152.

The Senate Report on the bill which includes § 602(a)(7) subsequently enacted explains the purpose of the mandatory work expense disregard law as follows:

Under the present law, all income of recipients of public assistance is taken into account (with a limited exception under Title X) in determining need. States are permitted, but not required, to take into consideration the expenses an individual has in earning any income (this practice is not uniform in the country and in a substantial number of States full consideration of such expenses is not given). The Committee believes that it is only reasonable for the States to take these expenses fully into account. Under existing law if these work expenses are not considered in determining need, they have the effect of providing disincentive to working since that portion of the family budget spent for work expenses has the effect of reducing the amount available for food, clothing, and shelter. The bill has, therefore, an added provision in all assistance titles requiring the State to give consideration to any expense reasonably attributable to the earning of income. [Senate Report No. 1589, 87th Cong., 2d Sess. 1962 U.S. Code Cong. & Admin.News, pp. 1943, 1959–1960.]

The House Report, H.R. No. 1414, 87th Cong., 2d Sess., 23 (1962), contains in essence the same language.

*vided the allowance is adequate to cover all actual expenses."*

We fully agree with such interpretation.[4]

Judge Lewis in *Vialpando* for valid reasons there stated has properly rejected all contentions here made on the work expense issue.

We agree with the trial court's determination that § 602(a)(7) requires the State of Nebraska to deduct all reasonable work-related expenses in all instances where such expenses exceed the standard $25.00 deduction in determining the amount of net income available to AFDC recipients, and we affirm the trial court on such issue.

*Retroactive Payment.*

■ Judge Urbom denied retroactive payment of deficiences in AFDC payments brought about by the State's failure to consider work-related expenses in determining eligibility and amount of AFDC benefits. He reached this result on the basis of Rothstein v. Wyman, 467 F.2d 226 (2d Cir. 1972). All aspects of the retroactive payment issue are there fully considered and such payments are denied on the basis of persuasive authorities cited and discussed. In *Rothstein,* as here, the action was brought against the head of the State social welfare department. *Rothstein,* in Division III at p. 236 of 467 F.2d, determined that retroactive payments constituted a claim against the State and that such payments were thus barred by the Eleventh Amendment. We agree.

In Employees of the Department of Public Health & Welfare v. Department of Public Health & Welfare, 452 F.2d 820 (8th Cir. 1971), state hospital and training school employees brought an ac-

tion against the Welfare Department to recover overtime compensation due under the Fair Labor Standards Act. We held that Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), determined that the employees were entitled to the overtime pay they were demanding but that federal courts by reason of the Eleventh Amendment lacked jurisdiction to grant relief. We discussed at length the history, purpose and scope of the Eleventh Amendment. We also determined that the State by continuing to operate its institutions did not waive its Eleventh Amendment immunity to federal suit. The Supreme Court affirmed. Employees v. Missouri Public Health Department, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). The Court held that the Fair Labor Standards Act made no express provision for depriving the states of their Eleventh Amendment immunity and held that the State by continuing to operate its institutions did not waive its Eleventh Amendment rights.

The holding in *Employees* fully applies to the instant case. As observed in *Rothstein, supra,* p. 238 of 467 F.2d:

> Congress has not explicitly conditioned the grant of such funds upon the willingness of the recipient state to waive the immunity from suit provided by the Eleventh Amendment; nor are retroactive payments so necessary to the effectuation of congressional policies that a waiver arises by implication.

In Like v. Carter, 486 F.2d 552 (8th Cir. 1973), we held:

> We agree with the district court's view that on jurisdictional grounds, the Eleventh Amendment bars any

4. We note that the Supreme Court granted certiorari Nov. 5, 1973, Shea v. Vialpando, 414 U.S. 999, 94 S.Ct. 351, 38 L.Ed.2d 235. Considerable time may elapse before the Supreme Court reaches the case for decision. The trial court has granted a stay during the pendency of this appeal. We hold in the next division that plaintiff and members of the class are not entitled to retroactive payment against the State in a federal suit. We believe that under all the circumstances here raised, the parties are entitled to a prompt decision in this court. See Goldberg v. Kelly, 397 U.S. 254, 264, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) ; Like v. Carter, 448 F. 2d 798, 804 (8th Cir. 1971).

award for lost welfare benefits because of the failure of the state to pay claims within the prescribed time period of 30 days.

We are aware of Jordan v. Weaver, 472 F.2d 985 (7th Cir.), cert. granted sub nom. Edelman v. Jordan, 412 U.S. 937, 93 S.Ct. 2776, 37 L.Ed.2d 398 (1973), which supports plaintiff's position on the retroactive issue. That case was decided prior to the decision of the Supreme Court in Employees v. Missouri Public Welfare Department, *supra,* and is inconsistent with that decision on the Eleventh Amendment issue. The result reached in *Jordan* is also contrary to that reached by this court in the cases heretofore cited.

We hold that plaintiff's suit for retroactive benefits is in effect a suit against the State, that the State has not waived its immunity, and hence the Eleventh Amendment deprives the federal court of jurisdiction to award a money judgment against the State for the retroactive payments here claimed.

As noted by the Supreme Court majority opinion in *Employees,* we are here concerned only with the constitutional restraints of the judicial power of the United States courts under the Eleventh Amendment and not with the issue of whether plaintiff could recover in a state court, see concurring opinion, p. 298 of 411 U.S., p. 1625 of 93 S.Ct., or in a suit by the federal government. Thus the judgment for dismissal of the claim for retroactive benefits will be modified to show that it is based upon lack of jurisdiction by reason of the Eleventh Amendment and as so modified, the judgment of dismissal will be affirmed.

The order of the trial court staying the injunction and all proceedings to enforce its judgment pending appeal is terminated.

Modified and affirmed on plaintiff's appeal. Affirmed on defendant's cross-appeal.