[No. A045237. First Dist., Div. Four. Apr. 23, 1990.]

TAMIE SHAW, Plaintiff and Respondent, v.
LINDA McMAHON, as Director, etc., et al., Defendants and
Appellants.

974

COUNSEL

John K. Van de Kamp, Attorney General, Richard Martland, Chief Assistant Attorney General, and Charlton G. Holland III, Assistant Attorney General, for Defendants and Appellants.

Ralph Murphy, Philip Bertenthal, Jodie Berger, Casey McKeever and Richard A. Rothschild for Plaintiff and Respondent.

OPINION

**ANDERSON, P. J.**—The appeal herein constitutes a sequel to this court's previous decision (*Shaw* v. *McMahon* (1987) 197 Cal.App.3d 417 [243 Cal.Rptr. 26]) and raises an additional issue concerning entitlement to state-only AFDC (aid to families with dependent children) benefits.

### I. FACTUAL BACKGROUND

### A. *The AFDC Program*

The AFDC program was established in 1935 for the purpose of providing benefits to families whose children were needy because of the death, absence or incapacity of a parent. (42 U.S.C. §§ 601, 606(a); *Batterton* v. *Francis* (1977) 432 U.S. 416, 418-420 [53 L.Ed.2d 448, 452-453, 97 S.Ct. 2399].) This program which is known in California as AFDC-Family Group

(AFDC-FG) provides aid only for single-parent families or families where one of the parents is incapacitated. In 1961, Congress adopted a supplemental program to allow states to provide benefits for two-parent families in which the children became needy due to the unemployment of the parents. The latter program is called AFDC-Unemployed Parent (AFDC-U). (42 U.S.C. § 607; 45 C.F.R. § 233.100; *Califano* v. *Westcott* (1979) 443 U.S. 76, 79-80 [61 L.Ed.2d 382, 387, 99 S.Ct. 2655].)

California enacted legislation to participate in both the federal AFDC-FG (Welf. & Inst. Code,[1] § 11250) and the federal AFDC-U (§ 11201, subd. (a) (1)). In addition, the Legislature decided to provide benefits to all needy families with unemployed parents regardless of whether the federal standards are met. This entirely state-funded program is known as state-only AFDC-U (§§ 11315; 11201, subd. (a)(2)). Thus, California provides three AFDC programs: federal AFDC-FG, federal AFDC-U, and state-only AFDC-U.

■ While the state is obligated to comply with the federal laws and regulations to receive federal funds regarding programs jointly administered with the federal government (42 U.S.C. § 604(a); *Lukhard* v. *Reed* (1987) 481 U.S. 368 [95 L.Ed.2d 328, 107 S.Ct. 1807]), it is free to adopt more liberal eligibility standards with respect to the state-only AFDC-U program. (*Engelman* v. *Amos* (1971) 404 U.S. 23, 24 [30 L.Ed.2d 143, 144, 92 S.Ct. 181]; *Darces* v. *Woods* (1984) 35 Cal.3d 871, 895 [201 Cal.Rptr. 807, 679 P.2d 458].) The statutory scheme adopted in California provides that under the state-only AFDC-U program the family is eligible for unemployment benefits for a limited time of three months even if the parent meets only some, but not all, criteria of federal unemployment (i.e., upon showing that the parent is not working or employed only part time, seeks unemployment or participates in a training program, applies for unemployment benefits, does not refuse a bona fide employment offer without good cause, etc.). (§ 11201, subd. (b).)[2]

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2] Section 11201, subdivision (b), provides in part: "Except as specified in paragraph (5), *a parent who does not meet the federal standards for unemployed parents shall be an unemployed parent* for the purposes of this chapter and *a family eligible for aid* only *if the parent meets all of the following conditions of eligibility*: [¶] (1) *The parent is not working or is employed only part time* as determined in accordance with standards which may be developed by the department by regulation. The standards shall be consistent with federal law governing part-time employment for unemployed parents. [¶] (2) *If the parent is* not ill, incapacitated, or over age 65, the parent shall register for employment and cooperate with the Employment Development Department, and shall either: (A) be *available for and seeking employment* or, (B) be *accepted for, or participate in, a training program* which has been approved by the department and which is essential for future support. [¶] (3) Notwithstanding the provisions of Section 11270, the *parent shall apply for*, meet all conditions of eligibility for, *and accept any*

## B. *The Lump Sum Rule*

The federal lump sum rule enacted by the Omnibus Budget Reconciliation Act of 1981 (OBRA) requires that a lump sum received by the family be treated as income and, thus, precludes the family's eligibility for AFDC for as many months as the amount would replace the AFDC grant. (42 U.S.C. § 602(a)(17); 45 C.F.R. § 233.20(a)(3)(ii)(F).) ■ By amending section 11157 in 1981, the California Legislature, in essence, adopted the federal lump sum rule "to the extent required, as a condition for receipt of federal funds, by federal law."[3] In response, the Director of the Department of Social Services (hereafter appellants or Director) promulgated the state lump sum regulation in 1982 which, in effect, applied the federal lump sum rule to the state-only AFDC-U program as well. (Eligibility & Assistance Standard (E.A.S.) 44-207.4.)

## C. *Procedural History*

On August 1, 1984, Tamie Shaw (respondent) filed a taxpayer action to enjoin application of the federal lump sum rule to the state-only AFDC-U program. She alleged she received a $10,000 insurance settlement for personal injuries suffered during an automobile accident and as a consequence her eligibility for AFDC-U was terminated for an 18-month period, i.e., until the amount of lump sum settlement was exhausted. She claimed that the E.A.S. regulation applying the federal lump sum rule to the state-only AFDC-U program violated sections 11157 and 11201. The trial court agreed and by judgment of January 23, 1985, granted a permanent injunction prohibiting application of the E.A.S. regulation to the state-only AFDC program, including single-parent or two-parent households. On

*unemployment insurance benefits* for which he or she may be eligible. [¶] (4) *The parent shall not have refused a bona fide offer of employment without good cause,* including additional employment if the parent is employed only part time, or has terminated his or her employment without good cause within the 30 days immediately prior to the beginning date of aid or while receiving aid. The State Department of Social Services shall develop standards for determining good cause, which standards shall be consistent with the standards for good cause developed by the federal government in the work incentive program and consistent with the purposes of this chapter. When the Department of Social Services finds that a parent has refused or terminated employment without good cause, the family shall be ineligible for aid for 30 days." (Italics added.)

[3] As amended in 1981, section 11157 read in pertinent part: "*To the extent required, as a condition for receipt of federal funds, by federal law,* lump-sum payments of income, as defined by federal law, received by an applicant for or recipient of aid under Chapter 2 (commencing with Section 11200) shall be considered income in the month received and the family shall be ineligible for aid for the number of months that equals the sum of all income received during such month less all applicable income disregards divided by the standard of need applicable to the family under Section 11452, with any remainder to be considered as income received in the first month following such period of ineligibility, should the family again request aid." (Stats. 1981-1982, First Ex. Sess., ch. 3, § 10, italics added.)

February 21, 1985, the Director issued all-county letter No. 85-25 which instructed the local agencies to continue to deny the state-only AFDC-U benefits to two-parent households where the principal earner met *all* the eligibility requirements for federal AFDC-U except for the receipt of lump sum. Thereafter, respondent moved to enjoin the enforcement of the all-county letter as inconsistent with the court's judgment. The motion was granted and an order was issued compelling compliance with the January 23 judgment.

The Director appealed from both the judgment and the compliance order. In a decision filed December 31, 1987, we interpreted section 11157 and held that the federal lump sum rule was inapplicable to state-only AFDC-U. Accordingly, we affirmed the January 23, 1985, judgment. (*Shaw v. McMahon, supra*, 197 Cal.App.3d 417, 427.) Simultaneously, however, we approved the Director's all-county letter and vacated the compliance order by concluding that "the federal lump-sum rule is applicable whenever the applicant or recipient is entitled to AFDC-U under the federal law." (*Id.*, at p. 428.)

In purported compliance with our decision, on July 21, 1988, the Director issued all-county letter No. 88-87. This new letter, in essence, instructed the agencies that the state-only AFDC-U also may be denied to California lump sum recipients even if the family meets only *some* (i.e., work history and connection to the labor force),[4] but not *all* the criteria of federal unemployment, and even if as a result of failing to satisfy the federal standards the family remains ineligible for receipt of federal AFDC-U.

On September 12, 1988, respondent moved to set aside the new all-county letter and to compel the Director's compliance with the January 23, 1985, judgment. In her legal argument respondent asserted that the new all-county letter violated *Shaw* for the following reasons: (1) under *Shaw*, a California family receiving a lump sum may be denied state-only AFDC-U benefit only if the family is entitled to federal AFDC-U; (2) the entitlement to federal unemployment benefits is conditioned on meeting all the federal criteria of eligibility which include not only the work history and the labor connection of the principal earner but also the additional negative requirement that the family be not eligible for AFDC-FG; (3) the entitlement to, or receipt of, AFDC-FG by the family automatically precludes eligibility for

---

[4]The federal standards relating to work history and connection to the labor force include, inter alia, the requirement that the principal earner of the family be unemployed (i.e., work less than 100 hours a month); have a 30-day waiting period before receiving aid; have not refused a job offer and training for employment; have worked 6 or more quarters within a 13-calendar quarter period preceding to application for aid, etc. (45 C.F.R. § 233.100; see also 42 U.S.C. § 607.)

federal AFDC-U which, in turn, renders the family eligible for state-only AFDC-U under *Shaw*; (4) the all-county letter which bans state-only AFDC-U benefits to families receiving AFDC-FG is in direct conflict with both the spirit and letter of *Shaw*. The trial court agreed with respondent and held that California families receiving a lump sum may not be denied state-only AFDC-U solely on the ground that the principal earner of the family meets the federal requirements of work history and connection to the labor force. Instead, concluded the court, such benefits may be barred only if the principal earner satisfies all the eligibility standards of federal AFDC-U, including that the family is not entitled to AFDC-FG.[5] In simple terms, the trial court ruled that since AFDC-FG recipients are automatically disqualified from receiving federal unemployment benefits, under *Shaw* they are entitled to state-only AFDC-U.

## II. DISCUSSION

■ The core issue presented on appeal is whether the federal lump sum rule is applicable to families receiving AFDC-FG benefits. Appellants contend that the court ruling that the recipients of AFDC-FG are exempted from the federal lump sum rule and hence entitled to state-only AFDC-U is erroneous. Appellants maintain (1) that under the explicit holding of *Shaw* a family unit receiving a lump sum is ineligible for state-only AFDC-U if the principal earner of the family meets the federal unemployment requirements of work history and connection with the labor force and (2) the ineligibility for AFDC-FG is not a prerequisite to the federal AFDC-U because the entitlement to the latter hinges on the unemployed parent rather than a dependent child. (§ 11201; 42 U.S.C. § 607.) We find no merit to either of these contentions and affirm the order.

(1) *Shaw Allows Denial of State-only AFDC-U if the Recipient Meets All the Eligibility Conditions for Federal AFDC-U*

Relying on a footnote stating that the "federal standards require 'work history' or 'connection to the labor force' which are met if the parents had 6 quarters of work within a period of 13 quarters and are not working more than 100 hours" (*Shaw* v. *McMahon, supra*, 197 Cal.App.3d at p. 428, fn.

---

[5] The injunction order issued by the trial court provided that the Director and her agents "are enjoined and prohibited from denying state-only AFDC benefits to families which fail to meet one of the eligibility requirements for Federal AFDC-U, including the requirement that the family not be categorically eligible to receive AFDC-Family Group." In addition, the order required that the "counties shall be informed that *Shaw* benefits may not be denied to families because they meet Federal AFDC-U requirements for work history or connection to the labor force, unless those families meet all other eligibility requirements for Federal AFDC-U including the requirement that the families not be categorically eligible for AFDC-Family Group."

10), appellants contend that *Shaw* authorized a denial of state-only AFDC-U based upon the above listed criteria alone. Appellants' interpretation of *Shaw* is both narrow and misleading.

In *Shaw* we were invited to decide the correctness of the February 21, 1985, all-county letter which advised the welfare agencies that "if the principal earner meets *all of the eligibility conditions* for federal AFDC-U, *including the connection with the labor force,* the family is not eligible for state-only AFDC-U benefits under the *Shaw* order." (Italics added.) The trial court ruled that such instruction was improper and ordered the issuance of a new letter informing the local welfare agencies that state-only AFDC-U benefits " 'may not be denied to families because they meet the federal requirements for work history or connection to the labor force.' " (*Shaw* v. *McMahon, supra,* 197 Cal.App.3d at p. 427.) After analyzing the pertinent statutory provisions (including §§ 11201 and 11315), this court concluded that the all-county letter requiring satisfaction of all eligibility conditions of the federal AFDC-U was correct and vacated the compliance order issued by the trial court. In so doing the court reasoned in part as follows: "The trial court's conclusion that the state-only benefit rule is applicable to all parents receiving AFDC benefits under section 11201, even if the parent (or parents) are eligible for such benefits under the federal law, is erroneous. The law is clear that under section 11201 a parent is entitled to joint state-federal unemployment AFDC benefits if he or she qualifies as unemployed under either the federal standards (subd. (a)(1)) or the state standards as specified in subd. (b)(1)-(4)." (See § 11201, subd. (a)(2).) *Since we have held that section 11157 provides that "the federal lump-sum rule is applicable whenever the applicant or recipient is entitled to AFDC-U under the federal law,* it follows that *the parent qualifying as unemployed under the federal standards must fall within the federal lump-sum rule.* . . . Equally importantly, subsection (5) of subdivision (b) [of § 11201] clarifies that in determining unemployment for the purposes of AFDC benefits the federal rules are paramount by spelling out that *whenever one parent qualifies as unemployed under the federal standards, it precludes the other parent from availing himself or herself of the State-only AFDC-U program.*" (*Shaw* v. *McMahon, supra,* at pp. 427-429, italics added; fn. omitted.)

In brief, when read in proper context, *Shaw* holds that state-only AFDC-U may be denied to an eligible family receiving a lump sum only if the principal earner is entitled to federal AFDC-U. *Shaw* likewise makes it clear that in order to be eligible for federal unemployment benefits, the family must meet *all* (not only some) of the eligibility standards prescribed by the federal law which include not only the work history or connection with the labor force, but also the additional requirement that the family be ineligible for AFDC-FG. (See discussion, *infra.*)

### (2) *The Eligibility for Federal AFDC-U Does Not Hinge Solely on "Unemployed Parent"*

■ Appellants' next contention, that the eligibility for federal AFDC-U depends solely on the unemployment of the parent and as a consequence the work history of the parent or his or her connection to the labor force must be deemed to satisfy the federal standards for the AFDC-U benefits, is likewise mistaken.

A brief analysis of this issue persuades us that the federal unemployment requirements entitling the recipient to federal AFDC-U are broader than the work history of the parent or parents, or their connection to the work force. While the eligibility for a federal unemployment award hinges on the definition of "unemployed parent" (§ 11201, subd. (a);[6] see also 42 U.S.C. § 607), the federal regulatory scheme makes it obvious that such definition includes not only labor connection or work history, but also the mandate that the recipient be the parent of a "dependent child" who is not eligible for AFDC-FG. (45 C.F.R. § 233.100(a).)[7]

The cited regulatory provisions clearly demonstrate that as a matter of law families receiving AFDC-FG are not eligible for federal AFDC-U. This is so because the Congress did not intend that the recipients of AFDC-FG be entitled also to federal AFDC-U. "This federal/state categorical assistance program [i.e., AFDC-U] provided subsistence benefits to families with

---

[6]Section 11201, subdivision (a), provides that "[a] child shall be considered to be deprived of parental support or care due to the unemployment of his or her parent or parents when either of the following conditions is met: [¶] (1) The parent qualifies as an *unemployed parent* in accordance with the standards for unemployed parents set by the federal government. [¶] (2) The parent does not qualify as *an unemployed parent* in accordance with federal standards, but the parent meets the conditions of eligibility set forth in subdivision (b)." (Italics added.)

[7]45 C.F.R. § 233.100 sets out in relevant part: "(a). . . the State plan . . . must: [¶] (1) Include *a definition of an unemployed parent.* . . . Such definition *must include* any such parent who: [¶] (i) Is employed less than 100 hours a month; or [¶] (ii) [is temporarily working more than 100 hours]. [¶] (2) Include *a definition of a dependent child which shall include any child of an unemployed parent* (as defined by the State pursuant to paragraph (a)(1) of this section) *who would be, except for the fact that his parent is not dead, absent from the home, or incapacitated* [*i.e., eligible for AFDC-FG*], *a dependent child* under the State's plan approved under section 402 of the Act. [¶] (3) Provide for payment of aid with respect to any dependent child (as defined by the State pursuant to paragraphs (a)(2) of this section) when the conditions set forth in paragraphs (a)(3)(i), (ii), (iii), and (vii) of this section are met: [¶] (i) His or her parent who is the principal earner has been unemployed for at least 30 days prior to the receipt of such aid. [¶] (ii) Such parent has not without good cause . . . refused a bona fide offer of employment or training for employment. . . . [¶] (iii) Such parent (a) has six or more quarters of work. . . , within any 13-calendar-quarter period ending within 1 year prior to the application for such aid, or (b) within such 1-year period, received unemployment compensation . . . or was qualified . . . for such compensation. . . . [¶] [¶] (vii) The parent who is the principal earner . . . has met the requirements for participation in an employment search program under Part 240 of this chapter." (Italics added.)

needy children where both parents were in the home and where the father was unemployed" (*Becker* v. *Conn* (E.D. Ky. 1980) 518 F.Supp. 740, 742; see also 42 U.S.C. § 607).

In summary, our preceding analysis makes it evident that under *Shaw* the state-only AFDC-U benefits may be denied to eligible families receiving a lump sum only if they meet *all* the conditions of federal unemployment and if, as a consequence, they become entitled to federal AFDC-U. It is likewise clear that one of the conditions for qualifying for federal unemployment benefits is the ineligibility of the applicant for AFDC-FG. The latter follows from the fundamental principle that the federal AFDC-U and the basic welfare benefit granted by way of AFDC-FG are mutually exclusive. Given these premises, it becomes obvious that a family receiving (or entitled to) AFDC-FG is automatically disqualified from getting federal AFDC-U as well. Under *Shaw*, the disentitlement to the federal AFDC-U renders the federal lump sum rule inapplicable and makes the family eligible for state-only AFDC-U provided the state statutory requisites therefor are met.

The above reasoning compels the conclusion that the 1988 all-county letter which denied state-only AFDC-U to families receiving AFDC-FG solely upon work history or connection to the labor force is erroneous. As a consequence, the trial court's order enjoining the Director's 1988 all-county letter must be sustained.

In light of our analysis, the additional issues raised by the parties need not be discussed.

The order is affirmed; appellants are to bear costs on appeal.

Poché, J., and Channell, J., concurred.