OPINION OF THE COURT
Paul Kelly, J.
This is a proceeding pursuant to CPLR article 78 to annul a determination of the respondent State commissioner dated July 6, 1978 and made after a statutory fair hearing which affirmed a determination of the respondent Nassau County Commissioner terminating public assistance benefits to petitioner in the category of aid to dependent children.
Petitioner is the mother of four children and has been in receipt of public assistance in the aid to dependent children category since April, 1975. The benefits were terminated after petitioner had started working to supplement her income. Her net applicable income amounted to $250.98 per month. The agency determined that this amount surpassed her basic needs and that petitioner was no longer eligible to receive aid to dependent children benefits.
It is petitioner’s contention that in arriving at the net applicable income figure the agency failed to include the exemption provided for in 18 NYCRR 352.20 (2).
Respondent, for its part, takes the position that only aid to dependent children recipients are entitled to the earned income exclusion provided for in the regulations and that petitioner is not such a recipient.
Thus, the question before this court is whether petitioner qualifies for the earned income exemption.
The Federal Government has established the methods which every State must use when calculating the available income of an aid to families with dependent children recipient. In addition, for the purpose of furthering other goals of the aid to dependent children program, such as encouraging families that receive public assistance to find work, the Federal Government has created certain income disregards and exemptions in the aid to dependent children program. One of these disregards is the $30 and one-third earned income exemption contained in section 602 (subd [a], par [8], cl [A], subd [ii] of title 42 of the United States Code. This statute provides as follows: "A State plan for aid and services to needy families with children must * * * provide that, in making the determination under clause (7), the State agency * * * shall with *996 respect to any month disregard * * * in the case of earned income of a dependent child not included under clause (i), a relative receiving such aid, and any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $30 of the total of such earned income for such month plus one-third of the remainder of such income for such month.” (Emphasis added.)
Thus, for persons who qualify under this section, the first $30 of all earned income and one third of the remainder is not considered as available income for the purpose of computing the public assistance grant. New York State does in fact apply this earned income disregard when it calculates aid to dependent children budgets. "For any other ADC recipient, except those specified in paragraph (1) of this subdivision, the first $30 plus one third of the remainder of total gross earned family income shall be exempt and disregarded as income or resources in determining eligibility or degree of need.” (18 NYCRR 352.20 [2].)
The legislative intent behind the earned income disregard is manifest. It was enacted to provide an incentive for members of families receiving aid to dependent children benefits to seek employment.
Respondent’s position that as a matter of law the exemption is specifically limited to a person whose needs are being met by aid to dependent children grants is much too narrow and limited in interpretation and scope. As the term implies, aid to families with dependent children benefits are intended for use by the entire family, including, of course, the mother of the dependent child. (See Alcala v Burns, 410 F Supp 1024, affd 545 F2d 1101, cert den 431 US 920.) Moreover, such a criterion bears no rational relation to the legitimate goal perceived by the Congress in enacting the within legislation; namely, to permit an employed parent or other relative under the aid to families with dependent children program to retain some of his earnings. (1967 US Code Cong & Admin News, vol 2, pp 2994-2996.)
Accordingly, the determination after fair hearing by respondent Blum is reversed as being arbitrary and capricious. Respondents are directed to restore all grants of aid to dependent children denied on account of said determination, and respondents shall recalculate petitioner’s earned income to *997 include the exemption provided under 18 NYCRR 352.20 (2). Respondent’s motion to dismiss is denied.