■ In the Matter of DONALD A. BIGGICA et al., Petitioners, v STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review an order of the Commissioner of Environmental Conservation of the State of New York, dated September 18, 1978 and made after a hearing, which, *inter alia,* directed the petitioner Donald A. Biggica to submit to the department a plan for restoration of the affected freshwater wetlands and adjacent areas on his premises in and surrounding Shore Acres Pond, Staten Island. Order confirmed and proceeding dismissed on the merits, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. The respondent commissioner's order is based upon substantial evidence. The petitioners' contention that the grandfather provisions of ECL 24-1305 should be interpreted liberally is without any basis in either the language of the statute or in case law. The joinder of the City of New York as a respondent was improper since petitioners have failed to establish that the conduct of the Department of Buildings of the City of New York played any role in the order under review. O'Connor, J. P., Rabin, Shapiro and Mangano, JJ., concur.

■ In the Matter of GERTRUDE CHASE et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review so much of an order of the State Human Rights Appeal Board, dated October 25, 1978, as affirmed those portions of an order of the State Division of Human Rights, dated May 23, 1977, as awarded the complainant compensatory damages and directed petitioners to cease and desist from engaging in certain conduct and to take certain affirmative action. The State Division has cross-moved for an order of enforcement. Order confirmed insofar as reviewed, proceeding dismissed and cross motion granted, without costs or disbursements. In our opinion the findings of the State Division were supported by substantial evidence and the award of compensatory damages was not arbitrary or capricious under the circumstances of this case. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.

■ In the Matter of ROSEMARY CIRRANA, Respondent, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent, and BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant.—Judgment of the Supreme Court, Nassau County, entered November 15, 1978, affirmed, without costs or disbursements, upon the opinion of Mr. Justice Kelly at Special Term. Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur. [96 Misc 2d 994.]