OPINION OF THE COURT
John S. Lockman, J.
Petitioner, a recipient of public assistance in the aid to dependent children category (ADC), brings this CPLR article 78 proceeding to reverse the affirmance after a fair hearing by respondent Blum as New York State Commissioner of Social Services of a determination by respondent Kirby as Suffolk *87 County Commissioner of Social Services which reduced petitioner’s grant. Petitioner alleges that the determination and affirmance were affected by an error in law. (CPLR 7803, subd 3.)
During February, March and April of 1979, petitioner and her two children were recipients of an ADC grant. Petitioner was also pregnant with her third child. Petitioner’s husband, Reynolds Gibbs, was a beneficiary of the grant although he was employed during the months in question. On March 29, 1979, the Suffolk County Department of Social Services notified petitioner of its intent to reduce her public assistance grant by virtue of her husband’s failure to register for Work Incentive Manpower (WIN) services, training and employment. (18 NYCRR 388.2, 388.11 [a] [1].) The reduction totaled $1,291.51 and was arrived at by including Reynolds Gibbs’ income earned between February 9, 1979 and April 30, 1979, as a revenue source in budgeting petitioner’s resources and needs pursuant to 18 NYCRR 352.29. It is agreed that the initial calculation of the reduction was in error in that the reduction should not have been applied to the month of February. The reduction was therefore recalculated. It was again recalculated when it was determined after the fair hearing that the family unit should have been credited with an additional member by virtue of petitioner’s pregnancy. (18 NYCRR 352.30 [c].)
The issue before this court is whether respondents erred in not giving petitioner the benefit of the earned income exemption provided for in 18 NYCRR 352.20 (a) (2). Application of that regulation would exclude the first $30 and one third of the remaining total gross earned family income from the budgeting process. Respondents take the position that the exemption is only available where the income is that of an ADC recipient and that petitioner’s husband was not a recipient since he was sanctioned for failure to comply with the WIN regulations. A literal reading of the relevant regulation supports their position. It states: "(a) Earned income of ADC recipients and applicants. * * * (2) For any other ADC recipient, except those specified in paragraph (1) of this subdivision [not here relevant], the first $30 per month plus one third of the remainder of total gross earned family income shall be exempt and disregarded as income or resources in determining eligibility or degree of need”. (18 NYCRR 352.20 [a] [2].)
*88 Petitioner relies upon Matter of Cirrana v D’Elia (96 Misc 2d 994, affd 70 AD2d 591). That case involved a mother and her four children who were the recipients of an ADC grant. The mother secured employment. The Department of Social Services determined that her income exceeded her basic needs and that she was no longer eligible to receive a grant. The mother contended that in calculating her income the department failed to give her the benefit of the $30 and one-third exemption provided for in 18 NYCRR 352.20 (a) (2). The department argued that she was not entitled to the exemption because she was not a "recipient”. The court held: "Respondent’s position that as a matter of law the exemption is specifically limited to a person whose needs are being met by aid to dependent children grants is much too narrow and limited in interpretation and scope. As the term implies, aid to families with dependent children benefits are intended for use by the entire family, including, of course, the mother of the dependent child. (See Alcala v Burns, 410 F Supp 1024, affd 545 F2d 1101, cert den 431 US 920.) Moreover, such a criterion bears no rational relation to the legitimate goal perceived by the Congress in enacting the within legislation; namely, to permit an employed parent or other relative under the aid to families with dependent children program to retain some of his earnings.” (Matter of Cirrana v D’Elia, supra, at p 996.)
The instant case is clearly distinguishable from Matter of Cirrana v D’Elia (supra). Neither petitioner nor her husband has availed themselves of the opportunity to contest the imposition of sanctions under 18 NYCRR 388.11 (a) (1). Under the terms of that sanction, Mr. Gibbs is not only not a recipient of ADC, he cannot even be considered a beneficiary of the grant since his needs cannot be considered in determining the family’s need. Nor does the unavailability of the exemption run counter to any goal of the work incentive program. Among the provisions of 18 NYCRR 352.20 (a) (2) is the disallowance of the $30 and one-third exemption where the person either refused to accept employment or terminates employment without good cause. Section 350-g of the Social Services Law provides that when any person required to participate in the WIN program fails or refuses to do so his needs cannot be considered in making any ADC grant. Thus, it is clearly established policy to encourage participation in the WIN program by sanctions if necessary.
*89 Disallowance of the $30 and one-third exemption in this case ought not to discourage ADC recipients from seeking employment. The effect should rather be to encourage participation in the WIN program and, perhaps, discourage the concealment of employment. Petitioner would have the court believe that she notified social services of the employment. This allegation is denied by respondents and is totally unsubstantiated. Notice is no longer an issue, however, since petitioner no longer contests the reduction, but only the amount.
The petition is in all respects denied.