Anna **PERCEY, on behalf of herself and her two minor children residing with her; and Ramona John, on behalf of herself and her four minor children residing with her, and all persons similarly situated, Plaintiffs,**

v.

Barbara **BLUM, as Commissioner of the New York Department of Social Services; Robert Wagner, as Commissioner of the Tompkins County Department of Social Services; Ronald Hackett, as Commissioner of the Cattaraugus County Department of Social Services; Tompkins County, a municipal corporation; and Cattaraugus County, a municipal corporation, Defendants.**

No. 79–CV–308.

United States District Court,
N. D. New York.

March 14, 1981.

Strom, Masson & Fuller, Cornell Legal
Aid, Ithaca, N. Y., for plaintiffs; Robin

Abrahamson Masson, Ithaca, N. Y., of counsel.

Robert Abrams, Atty. Gen. of the State of New York, Albany, N. Y., for defendant Blum; Clifford A. Royael, Albany, N. Y., of counsel.

Robert I. Williamson, Tompkins County Atty., Ithaca, N. Y., for defendants Robert Wagner and Tompkins County; Paul N. Tavelli, Ithaca, N. Y., of counsel.

Dennis Tobolski, Cattaraugus County Atty., Gowanda, N. Y., for defendants Ronald Hackett and Cattaraugus County; Roger E. Pyle, Gowando, N. Y., of counsel.

## MEMORANDUM–DECISION

MUNSON, Chief Judge.

The plaintiffs in this civil rights action, on behalf of themselves and their minor children residing with them, contest the defendants' practice and policy of not disregarding $30.00 and ⅓ of the remainder of the earned income of employed legally responsible caretaker relatives in families receiving Aid to Families with Dependent Children [AFDC], where the needs of these caretaker relatives are not being met by the AFDC grant. This omission, the plaintiffs contend, violates the Social Security Act, 42 U.S.C. § 601 et seq., and the Equal Protection Clause of the Fourteenth Amendment. For this violation, the plaintiffs seek declaratory, injunctive, and monetary relief. Jurisdiction lies under 28 U.S.C. § 1343(3), in view of the substantiality of the Equal Protection question raised. See Calkins v. Blum, 511 F.Supp. 1073 (N.D.N.Y.1980) (Munson, C. J.) Cf: Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Pendent jurisdiction lies over the federal statutory claims. See id. at 543, 94 S.Ct. at 1382; United Mine Workers v. Gibbs, 383 U.S. 715, 724–28, 86 S.Ct. 1130, 1137–40, 16 L.Ed.2d 218 (1966).

Presently before the Court are motions by the plaintiffs for class action certification, cross-summary judgment and attorneys fees, and by the defendants for summary judgment.

I.

Anna Percey resides in Tompkins County with her two minor children and her husband, the children's stepfather. In October, 1978, her family was in receipt of an AFDC grant. The needs of the plaintiff, however, were not met by the grant, pursuant to a determination by defendant County Commissioner Wagner that her husband's earned income adequately met her needs. When the plaintiff resumed work in late October, the County Commissioner recomputed the family's AFDC grant to reflect Ms. Percey's earned income of $351.22. In determining the amount of earned income, the County Commissioner did not apply the statutory $30 and ⅓ earned income disregard under the AFDC program, although he did apply various statutory income deductions for work related expenses. The County Commissioner then arrived at a grant amount of $11.29 for November, 1978. For each month since November, 1978, the County Commissioner has not applied the earned income disregard in determining the family's AFDC grant. Ms. Percey contends that had the County Commissioner applied the earned income disregard, her family's AFDC grant would have been $148.36, or $30 and ⅓ of her earned income. Following an administrative Fair Hearing, the defendant State Commissioner Blum affirmed the County Commissioner's action, stating that the AFDC earned income disregard was not applicable to the plaintiff because she was not a recipient of AFDC.

Ramona John resides in Cattaraugus County with her three minor children. In March 1978, the defendant County Commissioner Hackett sent the plaintiff a notice of intent to reduce the family's AFDC grant to reflect the plaintiff's earned income. Ms. John's needs were not met by the grant. In budgeting the family, the County Commissioner did not apply the $30 and ⅓ earned income disregard, and thus the April 1978 grant was reduced $92.22. For each month from April to September 1978, the County Commissioner did not apply the earned income disregard. Following an administrative Fair Hearing, the State Com-

missioner affirmed the County Commissioner's action on the ground that Ms. John was not a recipient of public assistance.

It is the defendants' determinations regarding the AFDC $30 and ⅓ earned income disregard that the plaintiffs contest.

## II.

The plaintiffs seek class action certification under Fed.R.Civ.P. 23(a) and 23(b)(2) on behalf of all persons who have had or will have their AFDC grants terminated, reduced, or denied due to the defendants' practice and policy of not disregarding the first $30 and ⅓ of the remainder of the earned income of employed legally responsible caretaker relatives in families receiving AFDC when the needs of these caretaker relatives are not met by the AFDC grant.

■ For the reasons set forth below, the Court concludes that the plaintiffs have satisfied the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), and the requirements of Rule 23(b)(2), and that the defendants' objections are, at the present time, without merit.

With respect to the numerosity requirement of Rule 23(a)(1), the plaintiffs have submitted evidence that over 400 persons will fall within the proposed definition. Such a number plainly suggests that joinder would be impracticable.

With respect to the commonality requirement of Rule 23(a)(2), the plaintiffs contend that the question of law underlying the proposed class claims for injunctive and declaratory relief is whether the federal law and the Constitution require the defendants to apply the $30 and ⅓ earned income disregard to the earned income of the class members. The Court agrees that this commonality exists.

With respect to the typicality and representation requirements of Rule 23(a)(3) and (4), the claims of both named plaintiffs appear to typify the injuries of absent class members resulting from the defendants' allegedly wrongful acts. Furthermore, no conflicts of interest appear to exist. More-

over, the defendants have not disputed the apparent qualifications of the plaintiffs' counsel.

Inasmuch as the plaintiffs have met the requirements of Rule 23(a), the Court must now determine whether they satisfy Rule 23(b)(2). In this regard, the plaintiffs contend that the defendants have refused to act on grounds generally applicable to the class by not applying the earned income disregard, and seek, *inter alia*, final injunctive relief for this omission. Such an allegation falls squarely within the parameters of Rule 23(b)(2). Additionally, the plaintiffs satisfy the rule in *Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978), *vacated and remanded on other grounds*, 607 F.2d 540 (2d Cir. 1979) by setting forth the problems of mootness and enforcement.

No justification exists, then, for the denial of certification under Fed.R.Civ.P. 23(a) and 23(b)(2). The defendants, however, maintain that certification would be superfluous, because this Court should assume that public officials would enforce the law and apply any court determination to all persons similarly situated.

■ To be sure, certification may be denied where governmental officials have given affirmative assurances that they would apply a court order to all eligible people. *See, e. g., Wells v. Malloy*, 510 F.2d 74, 76 n. 3 (2d Cir. 1975); *Galvan v. Lavine*, 490 F.2d 1255, 1261 (2d Cir. 1973), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974). Here, no assurances have been given.

Accordingly, the plaintiffs' motion for class action certification is granted.

## III.

■ Insofar as no genuine triable issue as to any material fact exists, the Court shall now turn to the summary judgment motions. Of course, the Court acknowledges its duty to address any "dispositive issues of statutory ... law ... before reaching constitutional issues." *Wolston v. Reader's Digest Association, Inc.*, 443 U.S. 157, 160–61 n. 2, 99 S.Ct. 2701, 2704–05 n. 2, 61 L.Ed.2d 450 (1979).

## A.

The plaintiffs initially contend that the State Commissioner is barred under the principle of offensive collateral estoppel from litigating the earned income disregard issue. This argument rests upon the judgment entered against Blum in *Cirrana v. D'Elia*, 96 Misc.2d 944, 410 N.Y.S.2d 235 (Sup.Ct., Nassau Co. 1978), *aff'd*, 70 A.D.2d 590, 415 N.Y.S.2d 1014 (2d Dep't 1979). The court in *Cirrana* held that the State Commissioner could not lawfully refuse to apply the $30 and ⅓ earned income disregard to the income of the petitioner in that Article 78 proceeding, a working mother of four children. Relying on this determination, the plaintiffs here seek to prevent the State Commissioner from relitigating this issue of law. The defendant objects, however, contending that the doctrine of collateral estoppel may not be applied offensively to issues of law.

■ Assuming, without deciding, that the doctrine precludes the relitigation of a pure issue of law, this Court shall not apply the rule here. In *Parklane Hosiery Company v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Court approved the use of offensive collateral estoppel, but noted that the doctrine should not be applied when it would be unfair to the defendant. Here, the State Commissioner has argued that the administrative review structure of the Article 78 proceeding in *Cirrana* provided an inadequate forum for the full discussion of the legal question presented by the plaintiffs. The Court shares this position.

## B.

■ The question presented is whether the earned income disregard set forth in 42 U.S.C. § 602(a)(8)(A)(ii) applies to the earned income of caretaker relatives, in families receiving AFDC benefits, when the needs of the relatives are not met by the AFDC grant. The Court concludes that it does.

The humanitarian purpose of the AFDC program, 42 U.S.C. § 601 *et seq.*, is to

Encourag[e] the care of dependent children in their own home ... by enabling each State to furnish financial assistance ... to needy dependent children and the parents ... with whom they are living to help maintain and strengthen family life and to help such parents ... to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection....

42 U.S.C. § 601. New York is one participant in this cooperative federalist program. *See* N.Y.Soc.Serv.Law § 343 *et seq.* As such, it must comport with the requirements set forth under the AFDC program. *See King v. Smith*, 392 U.S. 309, 316, 88 S.Ct. 2128, 2132, 20 L.Ed.2d 1118 (1968). One such requirement is the $30 and ⅓ earned income disregard contained in 42 U.S.C. § 602(a)(8)(A)(ii):

(a) A State plan for aid and services to needy families with children must ... (8) provide that, in making the determination under clause (7), the State agency—

(A) shall with respect to any month disregard ....

(ii) in the case of earned income of [certain] dependent child[ren] ..., a relative receiving such aid, and any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $30 of the total of such earned income for such month plus one-third of the remainder of such income for such month.

Clause (7) in turn provides that in determining need, "the State agency shall ... take into consideration any ... income ... of any child or relative claiming [AFDC]...." 42 U.S.C. § 602(a)(7). A limitation, however, is set forth in 42 U.S.C. § 602(a)(8)(D), which requires State agencies not to disregard earned income of persons set forth in § 602(a)(3)(A)(ii) if their income exceeds their need, unless their needs were met during any one of the four preceding months by an AFDC grant.

The regulations of the Department of Health and Human Services have given further effect to this statute. Title 45 provides for the disregard of

[t]he first $30 of the total of earned income for a month of all ... individuals [other than certain persons not present in this case] whose needs are included in the family grant plus one-third of the remainder of this earned income for the month.

45 C.F.R. § 233.20(a)(11)(ii)(b). This section goes on to state that

the State agency will not disregard earned income for a month of the persons in a family ... if the total income of such persons for such month exceeds their need as determined without application of any provisions for disregarding or setting aside of income unless for any one of the four preceding months their needs were met in whole or in part by an AFDC payment.

45 C.F.R. § 233.20(a)(11)(ii)(b)(2).

The State of New York has incorporated the $30 and ⅓ earned income disregard. For example, N.Y.Soc.Serv.Law § 349–a(1)(b) requires agencies to disregard such income of "(i) a child receiving aid ... or on whose behalf an application for ... aid has been made...; (ii) a relative receiving or applying for such aid." The New York Department of Social Services has closely tracked the language of this statute in its regulations: "[T]he first $30 per month plus one third of the remainder of total gross earned family income shall be exempt and disregarded as income ... in determining eligibility or degree of need...." 18 N.Y. C.R.R. § 352.20(a)(2). This regulation continues, however, by setting forth a limitation:

An applicant's eligibility for [AFDC] shall be determined without taking into consideration the earned income exemption ... unless his needs were met in whole or in part by [AFDC] payments for any one of the four preceding months. If eligible, the income exemption ... shall then be provided in determining the degree of need.

18 N.Y.C.R.R. § 352.20(a)(3).

C.

It is the defendants' practice of not applying the earned income disregard to the income of the caretaker relatives whose needs are *not* met by an AFDC grant that the plaintiffs challenge.

In support of their practice, the defendants initially argue that the plaintiffs fall under none of the three groups of individuals covered by § 602(a)(8)(A). First, the defendants contend, by its own terms this section applies only to the income of relatives in receipt of AFDC benefits. Second, the defendants assert that the income of the plaintiffs cannot be regarded as the income of a dependent child. Third, the defendants aver that the "other individuals" noted in the statute denote only "essential persons" who are unrelated to the child and who are also in receipt of AFDC monies. The defendants next raise the objection that the needs of these plaintiffs were not included in the AFDC grant, and thus the plaintiffs fail to meet the requirements of 45 C.F.R. § 233.20(a)(11)(ii)(b). Even if the plaintiffs were persons contemplated by § 602(a)(8)(A), the defendants continue, they would not be entitled under § 602(a)(8)(D) to the benefits of the income disregard in any month which their income exceeds their need, unless they had received assistance within one of the preceding four months. Here, the defendants claim, the plaintiffs' income exceeded their level of need during all times relevant to this section. Finally, the defendants note that the Department of Health and Human Services has not cited the State of New York as out of compliance with the federal scheme.

Responding to these arguments, the plaintiffs argue that they fall under the statutory classifications of both "relatives receiving aid," because they receive grants on behalf of their needy children, and "other individuals," because their needs are taken into account in determining the AFDC grant, as opposed to being met by the grant. Moreover, the plaintiffs maintain that they satisfy the "four month rule" recited in § 602(a)(8)(D), because the relevant inquiry under this provision is whether any member of a family has received a grant during the four month period. Fur-

thermore, notwithstanding the Department of Health and Human Service's sanctioning of the State's practice, the plaintiffs assert, Congress clearly intended to promote employment and self-efficiency of AFDC family members, irrespective of whether the AFDC grant met their needs. Finally, the plaintiffs cite various court decisions indicating that the $30 and ⅓ earned income disregard should be applied to the income of persons whose needs are not met by the grant.

### D.

For the reasons set forth below, the Court shares the position of the plaintiffs that they are "relatives receiving [AFDC]," as this term appears in § 602(a)(8).

The available evidence suggests that Congress intended the statutory $30 and ⅓ earned income disregard to apply to all the income of caretaker relatives who are recipients of AFDC in behalf of their children. For example, 42 U.S.C. § 606(b) defines "aid to families with dependent children" as any type of remedial care recognized under State law in behalf of a dependent child..." Thus, a caretaker relative may receive monies for the child's benefit. The State Commissioner's regulations also appear to recognize that caretaker relatives may in fact be recipients on behalf of their child. *See* 18 N.Y.C.R.R. § 350.1. *Cf.*: 45 C.F.R. § 231.10(f). In this regard, one Court has noted that a caretaker relative is "eligible" for AFDC on behalf of the child. *Arizona State Department of Public Welfare v. Department of HEW*, 449 F.2d 456, 477 (9th Cir. 1971), *cert. denied*, 405 U.S. 919, 92 S.Ct. 945, 30 L.Ed.2d 789 (1972). Consistent with such an interpretation of the statutory scheme, two Departments of New York's Appellate Division have concluded that the State Commissioner must apply the $30 and ⅓ earned income disregard to caretaker relatives receiving AFDC in behalf of their dependent children. *See Anderson v. Blum*, 77 A.D.2d 386, 434 N.Y. S.2d 778 (3d Dep't, 1980); *Cirrana v. D'Elia, supra. But see Gibbs v. Kirby*, 104 Misc.2d 86, 427 N.Y.S.2d 542 (Sup.Ct., Suffolk Co. 1980).

The legislative history supports the position that caretaker relatives need not be recipients in their own right to enjoy the benefits of the statute. Section 602(a)(8) was part of a congressional plan to provide incentives for "*members of families drawing.... [AFDC] payments to obtain employment.*" S.Rep. No. 744, *reprinted in* [1967] U.S.Code Cong. & Admin.News 2834, 2837. *See id.* at 2981–82, 2994–96. Although also applicable to certain children as well as to "adult *relatives*"—not adult *recipients* in their own rights—particular and obvious emphasis was placed upon the employment of adults. *See id.* at 2982 (emphasis supplied). The House Report echoes these concerns, *see* H.Rep. No. 544 at 96, 106–7, and courts have uniformly recognized this purpose. *See Johnson v. Likins*, 568 F.2d 79, 82 (8th Cir. 1977); *National Welfare Rights Organization v. Mathews*, 533 F.2d 637, 643 (D.C. Cir. 1976); *X. v. McCorkle*, 333 F.Supp. 1109, 1116–17 (D.N. J.1970), *aff'd as modified sub nom. Engleman v. Amos*, 404 U.S. 23, 92 S.Ct. 181, 30 L.Ed.2d 143 (1971).

More fundamentally, inasmuch as the overall AFDC program seeks to bolster the family institution, the application of a rule such as the defendants, that would effectively penalize relatives for working, seems altogether inconsistent with Congress's humanitarian goal. *See* 42 U.S.C. § 601; *Shea v. Vialpando*, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974); *Dandridge v. Williams*, 397 U.S. 471, 479, 90 S.Ct. 1153, 1158, 25 L.Ed.2d 491 (1970); *Alcala v. Burns*, 545 F.2d 1101, 1104 (8th Cir. 1976), *cert. denied sub nom. Doe v. Burns*, 431 U.S. 920, 97 S.Ct. 2187, 53 L.Ed.2d 232 (1977); *Doe v. Gillman*, 479 F.2d 646, 648 (8th Cir. 1973), *cert. denied sub nom. Doe v. Burns*, 421 U.S. 920, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975) and 417 U.S. 947, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974); *Rodriquez v. Vowell*, 472 F.2d 622, 624 (5th Cir.), *cert. denied*, 412 U.S. 944, 93 S.Ct. 2777, 37 L.Ed.2d 404 (1973); *Triplett v. Cobb*, 331 F.Supp. 652, 655 (N.D.Miss.1971). The application of the earned income disregard to

all caretaker relative hence seems consonant with the congressional scheme.

With respect to the defendant's objection that the plaintiffs' needs are not included in the AFDC grants, this argument must fall. Plainly, the needs of these caretaker relatives were taken into account in budgeting the AFDC monies. Not only is such an inclusion a requirement of federal and state law, *see* 42 U.S.C. § 602(a)(7); 18 N.Y.C. R.R. § 351.2, but also the State Commissioner in fact took the plaintiffs' needs into account, finding that these needs were "0" because the relatives had no unsatisfied economic needs. Thus, the needs were figured into the grant amount, albeit these needs were found to be "0".

Furthermore, the defendants' reliance upon § 602(a)(8)(D) appears misplaced. In this regard, the defendants assert too narrow an interpretation of this rule when they argue that the plaintiffs' individual income exceeded their needs during the preceding four months and thus rendered them ineligible to claim benefits during any one of these months. As the preceding discussion indicates, the entire thrust of the AFDC program is oriented toward the family. Consistent with this orientation, in discussing the exemption component of § 602(a)(8)(D), both the Senate and House specified that "only if a *family's total income* falls below the standard of need will the earnings exemption be available." S.Rep. No. 744, *reprinted in* [1967] U.S.Code Cong. & Admin.News at 2996; H.Rep. No. 544, at 107. Thus, it would be irrational to consider a family's total income in applying one segment of this clause, and only the individual's income in applying the other segment. Moreover, nothing in the plain language of the statute suggests that "need" conveys two meanings. In addition, the purpose of the "four month rule" is a positive, not punitive, one: "This provision gives people an opportunity to try employment without worrying about forfeiting their eligibility to receive assistance if their employment terminates quickly." S.Rep. No. 744, *supra*, at 2995; H.Rep. No. 544, *supra*, at 107. The defendants' interpretation clearly clashes with this purpose.

Finally, the defendants' assertion that the Department of Health and Human Services has not cited them out of compliance with the federal requirements poses no bar to this Court's consideration of the plaintiffs' claims. This Court, and not the Department, shall declare the law, adjudge the defendants' practices under the law, and order the appropriate relief.

### IV.

In view of this disposition, it is unnecessary to address the other arguments on the merits raised by the parties. As one final note, however, the assertions by the County Defendants of an Eleventh Amendment immunity against an award of restitution are without merit. *See, e. g., Lake County Estate v. Tahoe Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979); *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Holley v. Lavine,* 605 F.2d 638, 642–43 (2d Cir. 1979), *cert. denied sub nom. Blum v. Holley,* 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980). Of course, the State does enjoy such immunity. *See e. g., Quern v. Jordan,* 440 U.S. 332, 339–41, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979).

For the foregoing reasons, then, the plaintiffs' motions for class action certification and for cross summary judgment are granted, and the defendants' motion for summary judgment are denied. As prevailing parties, the plaintiffs are also awarded attorneys fees as against the State Commissioner in an amount to be fixed.

A separate Order will follow.

### JUDGMENT–ORDER

Upon all the proceedings had herein, this Court having on March 14, 1981, issued its findings of fact, conclusions of law, and final decision on the merits, it is

ORDERED, that this action is maintainable as a class action pursuant to Fed.R. Civ.P. 23(a) and 23(b)(2). The class consists

of all persons who have had or will have their AFDC grants terminated, reduced, or denied due to the defendants' practice and policy of not disregarding the first $30 and ⅓ of the remainder of the earned income of employed legally responsible caretaker relatives in families receiving AFDC when the needs of these caretaker relatives are not met by the AFDC grant; and it is further

ORDERED, that the defendants' motions for summary judgment are denied; and it is further

ORDERED, ADJUDGED, and DE-CREED, that the defendants' practice and policy of not applying the $30 and ⅓ earned income disregard to the earned income of the class members and named plaintiffs are illegal and unconstitutional in that they conflict with the Social Security Act; and it is further

ORDERED, that the defendants, their successors, assigns, and employees be and hereby are enjoined from not applying the $30 and ⅓ earned income disregard to the earned income of the class members and named plaintiffs, and be and hereby are directed to apply this earned income disregard; and it is further

ORDERED, that the defendant BAR-BARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office, be and they hereby are directed to give immediate notice to the appropriate local Departments of Social Services of the effect of this Judgment-Order and of the accompanying Memorandum-Decision, such notice to include, but not be limited to, amendments of all publications, directives, and other documents issued by the New York State Department of Social Services; and it is further

ORDERED, that the defendant BAR-BARA BLUM, as Commissioner of the New York State Department of Social Services, or her successors in office, be and they hereby are directed to give notice or cause to the appropriate local Departments of Social Services to give notice in writing within 30 days of the date of this judgment to all members of the class, such notice to apprise these persons of this Court's decision and to inform them that they may pursue any claims they have through state administrative or judicial forums; and it is further

ORDERED, that the defendant TOMP-KINS COUNTY and CATTARAUGUS COUNTY recompute the benefits of the named plaintiffs and of the absent class members that reside within their respective boundaries, and restore all benefits wrongfully withheld because of the failure to apply the $30 and ⅓ earned income disregard; and it is further

ORDERED, ADJUDGED, and DE-CREED, that the plaintiffs have judgment for attorneys fees and costs, in an amount to be fixed by the Court upon the submission of papers, against the defendant BAR-BARA BLUM, as Commissioner of the New York State Department of Social Services, or her successor in office.