Gloria WILCOX, Mary McCann, Carol Shaw, Laurie Saucier, Thomasina Downing, Pamela Thoits Moreau and Pamela Smith, each on behalf of herself and all others similarly situated, Plaintiffs,

v.

Michael PETIT, in his capacity as Commissioner of the Maine Department of Human Services, and The Maine Department of Human Services, and Otis R. Bowen, in his capacity as Secretary of the United States Department of Health and Human Services, Defendants.

Civ. No. 85–0342–P.

United States District Court,
D. Maine.

Oct. 9, 1987.

Thomas H. Kelly, Pine Tree Legal Assistance, Portland, Me., Mary T. Henderson, Augusta, Me., Robert E. Mittel, Portland, Me., for plaintiffs.

Christopher Leighton, Carmen Coulombe, Asst. Attys. Gen., Augusta, Me., David R. Collins, Asst. U.S. Atty., Portland, Me., Joyce Elise McCourt, Asst. Regional Counsel, Boston, Mass., for defendants.

MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF PLAINTIFF CLASS

GENE CARTER, District Judge.

This matter comes before the Court on Plaintiffs' Motion for Certification of Plaintiff Class. Plaintiffs receive, or have received, assistance through the Aid to Families With Dependent Children (AFDC) Program. As a condition of receiving AFDC benefits, each Plaintiff assigned her right to child support payments to the Maine Department of Human Services (DHS). Federal law provides that the first fifty dollars of each monthly child support payment paid by the absent parent to DHS "shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month." 42 U.S.C. § 657(b)(1). All parties agree that the statute requires the DHS to "pass through" to the family the first fifty dollars of each monthly payment when the DHS receives and processes the payments during the same month in which payment is due. The dispute stems from the Defendants' policy of refusing to pass through those payments which are delayed or made in a lump sum.

Defendants' policy provides that the AFDC recipient is not entitled to a fifty-dollar pass-through or any additional support payment if the DHS does not receive the payment during the month for which it is due, even if DHS receives that monthly support in a later month.[1] For example, Plaintiffs claim that various sums were deducted from the paychecks of the fathers of the children of Plaintiffs McCann, Shaw, Saucier, and Moreau by the fathers' employers, and the money was forwarded to DHS. However, the employers failed to forward the withheld wages to DHS promptly. As a result, Plaintiffs allege that during several months DHS received two or more aggregate support checks and on other months received none. Under their policy, Defendants only pass through one fifty-dollar payment, and refuse to pass through any of the support payments for the previous month. On the other hand, the fathers of the children of Plaintiffs Wilcox and Downing made monthly payments directly to DHS. Plaintiffs allege that Defendants failed to pass through support payments after Defendants delayed crediting the payments until the subsequent month. Plaintiffs thus received no "pass-through" for the first month, and only fifty dollars for the second month. Finally, Plaintiff Smith's former husband pays child support directly to DHS every three months. Pursuant to Defendants' policy, Plaintiff Smith receives only one fifty-dollar "pass-through" every three months instead of three fifty-dollar payments.

---

1. State Defendants deny that support received in a later month is "current support." Rather, those funds are retained by Defendants as reimbursements for all past assistance payments.

Plaintiffs allege two causes of action.[2] In Count I, Plaintiffs assert that State Defendants violated Plaintiffs' rights under 42 U.S.C. § 657(b)(1) and 42 U.S.C. § 602(a)(28) by failing to pass through payments to which Plaintiffs were entitled, and that Federal Defendant violated Plaintiffs' rights pursuant to 42 U.S.C. § 657(b)(1) by promulgating and enforcing 45 C.F.R. § 302.51, which directs DHS to pass through only the first fifty dollars of any child support payments collected in any particular month, even if such payment represents multiple monthly support obligations.[3] Count III alleges that Defendants violated 42 U.S.C. § 654(5) and the fifth amendment due process clause by failing to provide Plaintiffs with an accounting of child support collected, notice of amounts withheld, and an opportunity to challenge withholding. Plaintiffs now move this Court to certify a class consisting of all families in the State of Maine:

(a) whose rights to receive child support from an absent parent in any amount since October 1984 has been or will be assigned to DHS as a condition for their receipt of AFDC benefits;

(b) in which there is one child or more for whom a judicial or administrative order requires periodic payment of child support;

(c) for whom amounts representing monthly child support payments have been or will be received and/or credited by DHS in a month later than the month in which the support payment was or will be due; and

(d) to whom DHS has failed to or will fail to pass through any amounts of child support to which the AFDC family would be entitled pursuant to 42 U.S.C. § 657(b)(1).

**2.** Originally, Plaintiffs alleged three causes of action, but subsequently stipulated to the dismissal of Count II. Memorandum of Agreement at 2.

**3.** The regulation provides, in part: "The state plan shall provide as follows:

(b)(1) Of any amount that is collected in a month which represents payment on the required support obligation for that month, the first fifty dollars of such amount shall be paid

Plaintiffs also requested, pursuant to Fed.R.Civ.P. 23(c)(4), that the class be divided into two subclasses:

Subclass A includes all members for whom the absent parent is making support payments directly to the Maine Department of Human Services or its counterpart in another state;

Subclass B includes all class members for whom the absent parent, by voluntary or involuntary asignment, is having child support payments deducted from his wages to be forwarded by his employer to the Maine Department of Human Services or its counterpart in another state.

For the following reasons, the plaintiff class should be certified.

### A.

■ Plaintiffs bear the burden of establishing the right to maintain a class action under Federal Rule of Civil Procedure 23. *Cutler v. Lewiston Daily Sun,* 611 F.Supp. 746, 756 (D.Me.1985). Plaintiffs must meet the prerequisites set forth in Rule 23(a) and at least one of the three requirements contained in Rule 23(b). *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972); *Lessard v. Metropolitan Life Insurance Co.,* 103 F.R.D. 608, 612 (D.Me.1984). The four prerequisites required by Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

The first prerequisite is numerosity. Defendants do not dispute Plaintiffs' claim

to the family.... If the amount collected includes payment on the required support obligation for a previous month or months, the family shall only receive the first fifty dollars of the amount which represents the required support obligation for the month in which the support was collected.... No payment shall be made to a family under this paragraph for a month in which there is no child support collection."

that joinder of all members of the proposed class is impracticable. Plaintiffs assert "that at any one time at least a few hundred AFDC recipients may suffer the loss of pass-through payments" due to Defendants' policies. Plaintiffs' Memorandum in Support of Motion for Certification of Plaintiff Class at 3. Further, class actions are appropriate when members of the class are from disparate geographical areas and where members cannot easily be identified. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131–32 (1st Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986). Here, the class members are spread out across the State of Maine, and the group of affected recipients varies from one month to the next. Thus, Plaintiffs have satisfied the first prerequisite.

■ The second prerequisite of Rule 23(a) is that members of the class share common questions of law or fact. It is not necessary that all questions of law or fact involved in the dispute be shared commonly, however. *Weiss v. York Hospital*, 745 F.2d 786, 808–09 (3d Cir.1984), *cert. denied,* 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985). *See also* 3B *Moore's Federal Practice* ¶ 23.06–1 at 23–159 to 23–160 (2d ed.1987) (Rule 23(a)(2) "does not require that *all* questions of fact and law be common, but only demands that a question of law *or* fact be presented which is shared in the grievances of the prospective class as defined.") (emphasis supplied). As Plaintiffs assert, the question of whether Defendants' policy violates Plaintiffs' rights under federal law is shared by all members of the putative class. Plaintiffs' Memorandum in Support of Motion for Certification of Plaintiff Class at 4. Thus, the requirements set forth in Rule 23(a)(2) are satisfied.

Defendants agree that "the named plaintiffs share common questions of law or fact with prospective members of subclass B," but argue that prospective members of subclass A do not share common questions of law or fact. State Defendants' Memorandum in Opposition at 6 and n. 2. Subclass A includes all class members for whom the absent parent is making support payments directly to the DHS. Defendants contend that "Some absent parent members of subclass A would be aggrieved because of the State Defendants' past crediting procedures while others by the State Defendants' treatment of lump sum payments." *Id.* at 6–7. Defendants' argument fails for two reasons. First, Plaintiffs correctly point out that Defendants' reference to the concerns of absent parents is irrelevant to class certification, since Plaintiffs' proposed class will not presume to represent the interests of absent parents. Instead, the Plaintiffs seek to represent a class of people who, like them, receive AFDC benefits and who have a claim to child support paid to the Defendants by the absent parents. Second, even assuming that Defendants mean to say that some putative *class members* would be "aggrieved because of the State Defendants' past crediting procedures while others by the State Defendants' treatment of lump sum payments," the question of law raised by class members remains the same: namely, whether Defendants' policy of not passing through the first fifty dollars of delayed child support payments violates Plaintiffs' rights under federal law.

Defendants further argue that a subclass represented by Plaintiff Smith, whose former husband pays support to the DHS on a quarterly basis, is inappropriate because there are too many reasons for absent parents making lump sum payments to permit relief on a class basis. State Defendants' Memorandum in Opposition at 7. However, the *reasons* for absent parents making payments in excess of their monthly support obligations is not at issue. The question raised by Plaintiff Smith, as with all other Plaintiffs, is whether the Defendants may refuse to pass through the fifty-dollar allotment when an absent parent's child support installments are delayed.

■ The third prerequisite is typicality. The typicality requirement is not defined strictly. *Griffin v. Burns,* 570 F.2d 1065, 1073 (1st Cir.1978). *See also* 3B *Moore's Federal Practice* ¶ 23.06–2 at 23–168 (2d ed. 1987) ("there appears to be little or no

need for this clause, since all meanings attributable to it duplicate requirements prescribed by other provisions in Rule 23.") Where the named representatives' claims arise from the same practice or course of conduct that gives rise to the class claims, and are based upon the same legal theory, varying factual differences between the claims of the class and the class representatives do not necessarily render the named representatives' claim atypical. *Smith v. B & O Railroad*, 473 F.Supp. 572, 581 (D.Md. 1979). Defendants do not dispute that Plaintiffs meet this prerequisite. The claims of each member of the class and each named representative arise from the Defendants' policy regarding "pass-throughs" of child support payments, and all claims are based upon the same legal theory. Thus, any incidental factual differences between the class members and their named representatives do not obligate this Court to deny class certification.

■ The fourth and final prerequisite, the ability of the named representatives to "fairly and adequately protect the interests of the class," is met where (1) the representative shares, without conflict, the interests of the unnamed members of the class, and (2) the court is assured that the representative will vigorously prosecute the rights of the class through qualified counsel. *Kaminski v. Shawmut Credit Union*, 416 F.Supp. 1119, 1123 (D.Mass.1976). The Court is confident that the named representatives fulfill both tests. There is no apparent conflict between the class representatives and the class members since all Plaintiffs stand to gain child support if their challenge to Defendants' policies succeeds. Moreover, counsel for Plaintiffs are experienced and capable, and their extensive efforts to date manifest their intention to prosecute the case vigorously. Thus, the Plaintiffs have fulfilled the prerequisites set forth in Rule 23(a).

### B.

■ In addition to fulfilling the prerequisites of Rule 23(a), Plaintiffs must fulfill one of the three provisions of 23(b). Fed.

R.Civ.P. 23(b). Here, Plaintiffs have demonstrated that they meet the requirements set forth in Rule 23(b)(2), which provides:

> The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

A class action is appropriate under Rule 23(b) when "the party opposing the class ... has established a regulatory scheme *common to all class members." Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir.1978) (emphasis supplied) (*quoting* 7A C. Wright, A. Miller & Kane, *Federal Practice and Procedure:* Civil Section 1775 at 19–20 (1972)). There is no doubt that Plaintiffs fulfill these requirements, nor do State Defendants dispute that Plaintiffs comply with Rule 23(b)(2). Defendants have established a regulatory scheme concerning the "pass-throughs" which is generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole. Thus, the Plaintiffs qualify for class certification. *See Ortiz v. Eichler*, 616 F.Supp. 1046, 1058 (D.Del.1985), *aff'd*, 794 F.2d 889 (3d Cir. 1986) (Rule 23(b)(2) requirements met where state's practices regarding the AFDC program were classwide and not limited to isolated instances).

Federal Defendant argues that it has "no direct relationship with program beneficiaries" because "the challenged federal regulation ... prescribes requirements *for the states* to follow in the administration of the Child Support Enforcement and AFDC programs, and is made applicable to beneficiaries only by the administering state agency." Third-Party Defendant's Opposition to Plaintiffs' Motion for Certification of Class at 2. Federal Defendant incorrectly assumes that the regulation insulates it from class actions. However, it is the federal regulation which requires the State Defendants to refuse to pass through the delayed payments to the AFDC benefi-

ciaries.[4] By promulgating and enforcing the regulations, Federal Defendant acted "on grounds generally applicable to the class," thereby making injunctive and declaratory relief appropriate. Fed.R.Civ.P. 23(b)(2).

### C.

Defendants raise three additional objections to class certification. First, Defendants argue that certification "would be a useless exercise because the doctrine of sovereign immunity bars the retroactive relief prayed for by Plaintiffs." State Defendants' Memorandum in Opposition at 2. Regardless of the merits of Defendants' argument, the Court cannot and will not reach the question of sovereign immunity in this motion for class certification. There is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974); *Miller v. Mackey International, Inc.,* 452 F.2d 424, 427 (5th Cir.1971) (Wisdom, J.) ("In determining the propriety of the class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") Defendants may bring an appropriate motion if they believe that Plaintiffs' prayer for relief is barred by the doctrine of sovereign immunity. Otherwise, this Court will not make such a determination.

State Defendants next argue that they have effectuated procedures which render certification unnecessary. However, Defendants admit that the new procedures "have not resolved all of Plaintiffs' complaints regarding the receipt of large lump sum payments made to the Department." State Defendants' Memorandum in Opposition at 5. Moreover, the Court is not convinced that the new procedures will ade-quately address the issues raised by Plaintiffs.

Finally, Defendants assert correctly that certification may be denied where governmental officials have given affirmative assurances that they would apply a court order to all eligible people. *Percey v. Blum,* 524 F.Supp. 324, 327 (N.D.N.Y. 1981). However, as in *Percey, id.,* the governmental officials involved in the present case have not given any affirmative assurances that they would apply the court order to all eligible people. Thus, the rule found in *Percey* does not apply.

In conclusion, the Court finds that a class action will be superior to any other available method for the fair and efficient adjudication of the controversy. Many of the putative Plaintiffs have small claims, which would not be practicable to litigate individually. Resolution in one forum of the common issue of whether Defendants' policy complies with federal law will avoid repetitive litigation. Utilization of the class action device in this matter is certain to achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated. *Lessard,* 103 F.R.D. at 614.

Accordingly, it is ORDERED that this action shall be permitted to go forward as a class action with Gloria Wilcox, Mary McCann, Carol Shaw, Laurie Saucier, Thomasina Downing, Pamela Thoits Moreau, and Pamela Smith as named representatives.

---

**4.** *See* note 3, *supra.*