**Roger VIGUE, Plaintiff,**

v.

**Commissioner Rollin IVES, Maine Department of Human Services, Defendant.**

**Civil No. 91–0131–P.**

United States District Court, D. Maine.

July 29, 1991.

Jack Comart, Pine Tree Legal Assistance Inc., Augusta, Me., for plaintiff.

W. John Wipfler, Asst. Atty. Gen., Augusta, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

GENE CARTER, Chief Judge.

Plaintiff Roger Vigue is a thirty-six-year-old quadriplegic who receives Medicare and Medicaid benefits. Plaintiff describes himself in his Complaint as being "dual-eligible" because of his entitlement to benefits under both federal health care programs. Defendant Rollin Ives heads the Maine Department of Human Services which has overall responsibility for administering Maine's Medicaid program. Plaintiff's Complaint alleges that Defendant denies Plaintiff and all similarly situated "dual-eligible" beneficiaries the prior authorization necessary for the purchase of customized or power wheelchairs. Defendant's refusal to provide the necessary authorization, Plaintiff alleges, is a consequence of the combined effects of the Medicaid requirement that dual-eligible beneficiaries seek payment first from Medicare, rather than Medicaid, and Medicare's low reimbursement amounts. Plaintiff alleges that the authorization for the purchase of a customized or power wheelchair would be provided by Defendant if Plaintiff were enrolled only in Medicaid. Plaintiff asserts, as a result, that Defendant's refusal to authorize the purchase of customized wheelchairs for dual-eligible beneficiaries violates a federal statutory mandate to states participating in Medicaid: "the medical assistance made available to [dual-eligible beneficiaries] ... shall not be less in amount, duration, or scope than the medical attention made available to any other such individual...." 42 U.S.C. § 1396a(a)(10)(B).

Along with his Complaint, Plaintiff filed a motion seeking to certify a plaintiff class containing: "All persons residing in the State of Maine who are or will become eligible for both Medicaid and Medicare program benefits and who need or will need power or customized wheelchairs." Plaintiff bears the burden of establishing his right to maintain a class action under Federal Rule of Civil Procedure 23. *Wilcox v. Petit*, 117 F.R.D. 314, 316 (D.Me. 1987) (Carter, J.). Rule 23(a) contains four prerequisites:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The Court need not consider whether Plaintiff has satisfied the latter three requisite elements, since Plain-

tiff has failed to establish adequately that the class of potential plaintiffs in this case is so numerous that joinder is impracticable.

The Complaint and Plaintiff's Memorandum in Support of Motion for Class Certification made the unsupported assertion that the prospective plaintiff class contains fifty members. Defendant responded with the Affidavit of Linda Barr, supervisor of the Professional Claims Review Unit of the Maine Medicaid Program, who is the state official responsible for the review of prior authorization requests for all durable medical equipment including electric and customized wheelchairs. Barr averred that she can recollect only two dual-eligible beneficiaries who have had difficulty obtaining customized wheelchairs due to their dual-eligible status during her eight years of service. Plaintiff rebutted the Barr Affidavit with the Affidavit of Sue Grant, general manager of Wheelchairs Unlimited in Portland, Maine. Grant averred that her company has been forced to reject at least five dual-eligible beneficiaries who sought to purchase customized manual or electric wheelchairs between February 1991 and April 1991. Grant further averred that her company's policy of rejecting dual-eligibles is typical of other dealers in the state.

Plaintiff now argues that the Grant Affidavit, combined with an unsupported estimate in one of Defendant's submissions that there are between ten and fifteen wheelchair dealers in Maine, see Defendant's Memorandum in Opposition to Motion for Preliminary Injunctive Relief at 10 (Docket No. 4M), establishes that the prospective plaintiff class contains fifty members. This conclusion is nothing more than conjecture perched precariously atop speculation. Plaintiff offers no direct evidence of either the number of wheelchair dealers in Maine or the number of dual-eligible beneficiaries denied service by each dealer. The only direct evidence of the number of dual-eligible beneficiaries who have been denied benefits by Defendant—the Barr

Affidavit and the Grant Affidavit—places the number of likely class members between two and five. This evidence cannot reasonably be considered adequate to support the conclusion that there are fifty dual-eligible beneficiaries in the prospective class.

Plaintiff argues, in the alternative, that the geographic diversity of the prospective class members supports class certification. This argument is sheer speculation without any evidentiary support. There is nothing in this record which even suggests that the prospective plaintiff class is so far-flung that joinder of the individual class members would be impracticable. Plaintiff also argues that the prospective class members are, by definition, elderly and disabled poor people unable to muster the financial resources necessary to initiate and maintain a lawsuit. Although valid and relevant, this argument is not sufficient, standing alone, to justify class certification.

▮ Rule 23(a) should be liberally construed in order to avoid undermining the policies underlying the class action rule. *Lessard v. Metropolitan Life Insurance Co.*, 103 F.R.D. 608, 610 (D.Me.1984) (Carter, J.). These policies do not require certifying a class of unknown size, location, or character. The Court may properly deny a motion for class certification when the plaintiff's contention as to the size of the class is purely speculative. *Makuc v. American Honda Motor Co.*, 835 F.2d 389, 394 (1st Cir.1987). Plaintiff is, of course, free to submit a new motion for class certification whenever additional evidence of the actual class size becomes available.

Accordingly, the Court hereby DENIES Plaintiff's motion for class certification.

So ORDERED.